BENJAMIN E. MILES, WELLS ANDREWS, Jr., and JOHN A. ANDREWS

*v.*

ALMON G. DANFORTH.

1. CONSOLIDATION OF ACTIONS. The Circuit Court may in its discretion, consolidate actions between the same parties.

2. SUITS WILL NOT BE CONSOLIDATED WHERE THE PARTIES ARE DIFFERENT. Where the plaintiffs in two suits are different, the court has no authority to consolidate on a motion of the defendants alleging that the suits make only one cause of action.

3. WHERE PARTIES ARE DIFFERENT, IDENTITY OF INTEREST CANNOT BE ESTABLISHED BY AFFIDAVIT. Where the plaintiffs are different persons, the court will not upon a motion to consolidate, allow an allegation of identity of interest to be established by affidavit.

4. REFUSAL TO CONSOLIDATE — *not error unless discretion is abused.* The refusal to consolidate is in all cases discretionary and it cannot be assigned as error unless the discretion has been greatly abused.

5. PRACTICE — *withdrawal of pleadings — error.* The withdrawal of a replication is a matter of discretion and cannot be assigned as error.

6.  PRACTICE — *overruling demurrer to pleas.* Overruling a demurrer to pleas, establishes the pleas, and if no further answer is made to them, they are a bar to a recovery on the counts to which the pleas were pleaded, and no evidence can be received under those counts. A complete bar is interposed which shuts out all evidence in their support.

WRIT OF ERROR to the Circuit Court of Woodford county; Hon. SAMUEL L. RICHMOND, Judge presiding.

This was an action of assumpsit originally commenced in the Circuit Court of Tazewell county, by Almon G. Danforth, against Benjamin E. Miles, Wells Andrews, Jr., and John A. Andrews, and by a change of venue, taken to the county of Woodford. There was a cause pending at the same time in the Tazewell Circuit Court in the names of Asa H. Danforth and George W. Danforth against the same defendants, which actions the defendants alleged were one and the same, and they moved to consolidate them, with the further allegation, supported by their affidavit, if they were not consolidated their defence would be greatly prejudiced. The court refused the motion, and an exception was taken. This motion was renewed in the Woodford Circuit Court, and again denied and exception taken. The defendants had pleaded to the action before this motion was made.

The declaration counted on several promissory notes made by the defendants to A. H. Danforth, & Co., and by them assigned to Almon G. Danforth, the plaintiff.

It is unnecessary to state the facts of the indebtedness, inasmuch as the case is made to turn on the pleadings and practice in the Circuit Court.

It is necessary, however, to give the substance of the counts to which the four special pleas of the defendant were pleaded and designated as the sixth, sixteenth, eighteen and nineteenth pleas. The first, second, and third counts, described three promissory notes differing in amount, on which issues of fact were made up. The fourth count, was on a note for one thousand dollars, dated November 22d, 1857, payable one day after date, to Asa H. Danforth & Co., with ten per cent. interest from date. The fifth count was upon a note

similar in all respects to the note described in the fourth count. The sixth count was upon a note for two thousand dollars of the same date, between the same parties and payble at the same time. The seventh count was upon a note similar in all respects to the note described in the sixth count.

To each of these counts, the defendants pleaded four special pleas noted as the sixth, sixteenth, eighteenth and nineteenth.

The plaintiff demurred generally to each of these pleas, and the court overruled the demurrer, and he abided by it.

The case was tried on the issues of fact made up, and a verdict and judgment for the plaintiff.

The defendants bring the cause to this court, and assign sundry errors more than thirty in number. Those which this court considered, are the following:

The Circuit Court erred in not consolidating this cause with the case of A. H. Danforth and George W. Danforth, against the defendants below, as moved for in said court, by the plaintiffs in error, whilst said two cases were pending in said court.

The court below erred in permitting the plaintiff below to withdraw his replications to the defendants', 6, 7, 11, 12, and 14th pleas, and in permitting the plaintiff below to file a demurrer to said pleas.

The court below, erred in refusing and failing to render judgment for the defendants below, upon overruling the demurrer to the defendants' 6, 7, 16, 17, 18, and 19, pleas, the last four being pleas filed in said court.

The court below erred in refusing to render judgment in favor of the defendants below, in bar of all the notes and counts answered by pleas, the demurrer to which was overruled.

The court below erred in permitting the plaintiff below to give four promissory notes described and set out in the 4, 5, 6, and 7 counts in plaintiffs' declaration to the jury against the objection of defendants below, as there

was no issue of fact as to those notes proper for the jury to try, and the defendants below should have had judgment on their pleas, to which demurrers had been overruled by the court.

Messrs. Henry Grove & David Keys for plaintiff:

The Court below should have consolidated the cause with the case of A. H. Danforth & Co. against the defendants below. See Chitty on Pleading, 198.

The court below erred in allowing the plaintiff below to withdraw his replications to 6, 7, 11, 12, and 14 pleas, and in permitting plaintiff below to demur to the same. The issues were all joined on these replications. The case had been once tried by a jury on those issues. It may be conceded that the right to withdraw the replication was in the plaintiff, but he had no right to file a demurrer afterwards. 19 Ill., 31, *Brush* v. *Blanchard*; 1 Chitty on Pleadings, 671.

The defendants were entitled to judgment on 6, 16, 18, and 19 pleas. On overruling the demurrer thereto, no replication having been filed, the pleas stood unanswered. *Peal* v. *Wellman*, 3 Gilman, 326; *Weatherford* v. *Willson*, 2 Scam., 253; *McCormick* v. *Tate*, 20 Ill., 334; *Nye* v. *Wright*, 2 Scam., 222; *Bradshaw* v. *Hoblett*, 4 Scam., 53; *Steelman* v. *Watson*, 5 Gilm., 249; *Moore* v. *Little*, 11 Ill., 549.

Mr. H. M. Weed, for the defendant in error:

1. The court below properly refused to consolidate this case with another brought by A. H. Danforth & Co. against the same defendants. This suit is in favor of Almon G. Danforth, and the other suit is brought in the name of Asa H. Danforth and George W. Danforth, who have no interest, legal or equitable, in this case. The motion is founded upon affidavits, which set forth a great variety of facts, but fail to state any substantial reason for consolidating the actions.

It is an impossibility that such a motion should be granted in a court of law, where the parties are different.

In Tidd's Practice, p. 614, it is said: "If two actions are depending at one time, by the same *plaintiff* against the same *defendant*, for causes which may be joined, and particularly if defendant be holden to trial on both, the courts will compel the plaintiff to consolidate the actions." 2 Durnford & East., 639.

"But the court refused to consolidate two actions brought on two bonds, though they were precisely similar to each other." 1 Chitty Rep., 709.

*But a motion to consolidate is addressed to the discretion of the court,* and therefore error does not lie. This is well settled in the following cases: *Worthy* v. *Administrators of Chalk,* 10 Richardson's South Carolina Rep., 142; where the question is fully considered. *Planters & Mechanics' Bank* v. *Cohen,* 2 Nott & McCord Rep., 440; 9 Johnson Rep., 262; *Brewster* v. *Stewart,* 3 Wendell Rep., 442; *Farmers' & Mechanics' Bank* v. *Tracy et al.,* 19 Wendell, 23.

2. Complaint is made that the court below allowed the plaintiff to withdraw his replication to certain bad pleas and file a demurrer thereto.

The whole matter of amending or withdrawing pleas, is a matter of discretion vested in the Judge of the court below, from whose decision no appeal or writ of error will lie.

3. If a decision of the court below in overruling the demurrer to the 6, 16, 18, and 19th pleas was wrong, then the objection by plaintiff in error that the notes were improperly admitted in evidence falls to the ground, because the plea amounts to nothing, and there were other issues which made it proper to receive the notes in evidence.

Mr. JUSTICE BREESE delivered the opinion of the court:

The questions presented by this record, are, for the most part questions of practice. Disposing of them will dispose of the case as we understand it.

Two actions in case on promises were pending, one in the name of Almon G. Danforth against the plaintiffs in error,

and the other in the name of Asa H. Danforth and George W. Danforth against the same plaintiffs in error. The action of A. G. Danforth was upon certain promissory notes made by the plaintiffs in error to A. H. Danforth and G. W. Danforth by the name, style and description of A. H. Danforth & Co., and by them assigned to A. G. Danforth, the defendant in error. The other suit in the name of A. H. Danforth & Co., was brought upon an open account.

This being the position of the cases, the plaintiffs in error entered their motion to consolidate them, alleging that the subject matter involved in the two suits constitute in fact but one cause of action; that the notes, the only cause of action in the suits, were assigned to the defendant in error long after they became due; that the account sued on in the case of A. H. Danforth & Co., accrued while said notes were held and owned by A. H. Danforth & Co., and that plaintiff in error made payments from time to time on both, and by seperate trials great injustice would be done plaintiffs in error.

That as against the claims in both suits, they have credits, a set off, and payments amounting to more than any just claim of the plaintiff in both suits; that A. H. Danforth and G. W. Danforth the plaintiffs in one case, and Almon G. Danforth, the plaintiff in the other, constituted and compose the firm of A. H. Danforth & Co. The two suits were designed to, and do embarrass the defendants in making their defence, etc. The motion was supported by affidavits not necessary to be particularly noticed.

It will be perceived, these actions were not by the same plaintiff for causes which might be joined. The rule, as stated by Tidd in his Treatise on Practice, is, if two actions are depending at one time, by the same plaintiff, against the same defendant, for causes which may be joined, and particularly if the defendant be holden to bail in both, the court will compel the plaintiff to consolidate the actions; and on account of the vexation, to pay the costs of the application. 1 Tidd's Prac., 614.

It is not shown by the affidavits filed on this motion, that the parties are really the same in interest, in the two cases, and if not so, with what propriety could the motion be allowed? If the suits were consolidated, a judgment might be rendered against the defendant in error for the indebtedness of A. H. Danforth & Co., for which he was never liable. The legal title to the notes sued on, vests, by the assignment, in A. G. Danforth, and no claim of set off as against A. H. Danforth & Co., could be allowed to prevent a recovery by the assignee. The fact that the notes were assigned after due, does not prejudice the title of the assignee, even if no consideration was paid for the assignment. But by the assignment after due, the plaintiffs in error are not deprived of any defence they may have had, while the notes were in the hands of the original payees. While the title of the assignee is valid, so is the defence of the makers protected.

We are not, however, of opinion that the refusal to consolidate can be assigned as error. We think it is discretionary with the court in all cases, and unless that discretion has been greatly abused, this court will not interfere.

In *Mynot* v. *Bridge et al.*, 2 Strange, 1,178, where two declarations were delivered at the suit of the same plaintiff against the same defendants, one of them for a right of way from one part of a close to one part of a town, and the other was for another way from another part of the close to another part of the town, the court refused to consolidate them, because the plaintiff might be ready as to one and not as to the other; and in the case, two years since of *Smith* v. *Crabb*, ante, 1,149, for the same reason the court refused to consolidate several actions in ejectment.

It is distinctly decided in *Worthy* v. *Chalk*, 10 Richardson's S. C. Rep., 141, that a motion to consolidate, is addressed to the discretion of the court, and should properly be made after declarations filed and before pleading. So in *Thompson* v. *Shepherd*, 9 Johns., 262. So in *Brewster* v. *Stewart*, 3 Wend., 441. This motion was made after pleas filed. These

cases, and others cited, were cases in which the same party was plaintiff in the several actions. We apprehend a case cannot be found, where actions brought by different plaintiffs have been consolidated, or where the fact of identity of interest, has been allowed to be tried by affidavits, especially where the facts stated and relied on in the affidavits as in this case, are put in issue by the pleas.

As to the withdrawal of plaintiff's replications to certain of defendant's pleas, that cannot be assigned as error, for it is also, a matter of discretion. *N. Eng. Fire and Marine Ins. Co. v. Wetmore et al.,* 32 Ill., 251.

There is, however, an objection which has not been answered or obviated, which must reverse this judgment.

The first, second, and third counts of the declaration, were on three different notes of different amounts, and issues properly made up thereon. The fourth, counted on a note for one thousand dollars, dated Nov. 22, 1857, payable one day after date, to Asa H. Danforth & Co., with ten per cent. interest from date. The fifth count was upon a note for the same amount and similar in all respects to the note described in the fourth count. The sixth count was upon a note for two thousand dollars bearing the same date, and between the same parties and payable at the same time. The seventh count was upon a note similar in all respects to the last described note.

To these counts the plaintiffs in error pleaded four special pleas noted as the sixth, sixteenth, eighteenth, and nineteenth, to which, severally,. a general demurrer was put in by the defendant in error. This demurrer was overruled, the effect of which was to decide that those pleas presented a bar to the action of those counts. Those pleas were no further answered, consequently, they stand as a bar to a recovery on those counts. The defendants in error having abided by their demurrer, no evidence could be received under those counts. They were as though they never existed for the purpose of a

recovery on them.   A complete bar was interposed which shut out all evidence in their support.    *Ward* v. *Stout et al.,* 32 Ill., 399.

The tenth and fourteenth errors, are well assigned and the judgment must be reversed and the cause remanded with leave to the defendants in error to withdraw their demurrer to the sixth, sixteenth, eighteenth and nineteenth pleas and reply thereto issuably.

*Judgment reversed.*