## Augusta Lehmann et al., Executors, v. Warren Webster & Co.

1. CONTRACTS—*A Party Can Not Avail Himself of the Non-Performance He Has Himself Occasioned.*—A party who prevents a thing being done within the time stipulated, will not be allowed to avail himself of the non-performance he has himself occasioned, and thus avoid his agreement.

2. TRIALS—*When Trial Court May Consolidate Cases for Trial.*—Where two causes based upon the same contract, in which the plaintiffs in the one case are the defendants in the other, and *vice versa,* are on trial, the court may in its discretion compel the parties to consolidate the cases.

3. SAME—*Where it is Immaterial Whether Cases Are Consolidated or Tried Separately.*—Where the rights of all persons are protected, it is immaterial whether the cases are consolidated and a single verdict taken and a single judgment rendered therein, or are separately entitled and separate verdicts and judgments entered.

4. APPELLATE COURT PRACTICE—*Everything upon Which Error is Assigned Must Appear in the Printed Abstract of the Record.*—Everything upon which error is assigned must appear in the printed abstract of the record. It is not the duty of an appellate tribunal to perform the work of counsel by examining the record for alleged errors which do not appear in the abstract filed in the case.

5. SAME—*Irregular Action of Trial Court Not Injuring Appellant is Not Ground for Reversal.*—The action of the trial court, even though irregular, is not cause for reversal where it has not injured the appellant.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed November 12, 1903.

August 3, 1899, appellee brought an assumpsit against Augusta Lehmann, conservatrix of the estate of Ernst J. Lehmann, distracted, and filed therein a declaration consisting of the common counts only. To this declaration the

defendant pleaded *non-assumpsit*. Afterward Lehmann died and appellants as his executors were substituted as defendants. March 18, 1901, the declaration was amended by the filing of additional counts, in which it is averred that February 7, 1898, appellee submitted to said conservatrix a written proposition (which is set forth *in extenso*) to furnish and erect the " Webster System of Steam Heating " with all appliances in the building under her charge as such conservatrix, situate on State, Twenty-third and Dearborn streets, in the city of Chicago; that the next day she, in writing, accepted such proposition and it became a contract; that in the same month appellee began work under the contract, and yet while engaged in its performance without fault or default on the part of appellee, said conservatrix, without legal excuse, discharged appellee from the further performance of the work, unlawfully disconnected said system, and did not permit appellee to complete its contract; and that there is a balance due appellee upon said contract of $1,683.

July 18, 1899, Augusta Lehmann, conservatrix, began a suit in attachment against appellee in which she filed the common counts, with interrogatories to garnishees. In reply appellee filed a plea of *non-assumpsit*. Then came the death of Lehmann and the substitution of the executors as plaintiffs. An amended declaration was filed March 12, 1901, setting up the same proposition as is shown in the amended declaration of appellee, and its acceptance; that appellee did furnish and erect in said building its system of steam heating; that appellee did not keep its promises and warranties contained in the contract, in this, that such system did not produce a perfect circulation of steam throughout said building, and did not heat said building, etc.; that by reason thereof said system became of no value; that appellee promised to remedy such defects, but failed so to do; that thereupon appellee was notified to remove such system from the building, and that the same would not be accepted and paid for; and that while said system was being erected there had been paid appellee upon said contract the sum of $2,300, which appellants are entitled to recover.

March 18, 1901, the following order was entered in these two suits:

"By agreement of parties made in open court it is ordered by the court that the case of Warren Webster & Company v. Augusta Lehmann et al., executors, etc., general No. 197,780, Circuit Court of Cook County, be and the same is hereby consolidated with this cause.

It is further ordered, adjudged and decreed by the court that upon the trial of said consolidated cause the parties thereto may offer in evidence all evidence of whatsoever kind or nature which would be admissible or competent if said two causes were tried separately and independently of each other, and that the pleadings in said two causes hereby consolidated shall stand as notice to the respective parties of what the other intends to prove upon the trial of said cause, in the same manner and to the same extent as though the same were specially pleaded herein.

It is further ordered, adjudged and decreed by the court that any judgment may be entered in said consolidated cause which would be a proper judgment to be entered in either of said causes so consolidated, as aforesaid; and that this consolidation shall be without prejudice to the rights of the plaintiff by reason of the recognizance entered into August 4, 1900.

It is further ordered by the court that the plea of the general issue, heretofore filed herein to the plaintiff's declaration, may stand to the declaration as amended, and that said consolidated cause shall be entitled Augusta Lehmann, etc., v. Warren Webster & Company."

When the cause was reached for trial the following additional stipulation was entered into:

"For the purpose of the trial of this consolidated cause Warren Webster & Company may be considered plaintiff and Augusta Lehmann and Otto Young, executors of the last will and testament of Ernst J. Lehmann, deceased, may be considered defendants."

At the trial the judge gave to the jury two forms of verdicts in each original case. In Lehmann v. Warren Webster & Co. the jury found the issues for appellee; and in Warren Webster & Co. v. Lehmann they found the issues for appellant and assessed its damages at $1,604.18. Motions for new trial were interposed and heard. The court rendered

a separate judgment upon each of the verdicts. From those judgments appeals were perfected.

Willis Smith and Henry L. Wallace, attorneys for appellants.

Randall W. Burns, attorney for appellee.

Mr. Justice Ball delivered the opinion of the court.

First. Appellants say that after the two causes were consolidated, there was but one cause pending; and therefore, at the trial there could be but one verdict and one judgment; and hence the action of the trial judge in directing the jury to bring in two verdicts, one in each original case, and his action thereafter in entering two judgments against appellants, were reversible errors; and also that the instruction to the jury to bring in two verdicts was prejudicial to appellants.

Here were two causes based upon the same contract, in which the plaintiffs in the one case were the defendants in the other, and *vice versa*. The evidence competent in one case was competent in the other. The primary object of the order of consolidation was that but one jury should be called and the evidence be produced but once in the disposition of both cases. Had the court seen fit, in its discretion it might have compelled the parties to consolidate these cases for trial. (Mutual Life Ins. Co. v. Hillmon, 145 U. S. 285, 292; Worthy v. Chalk, 10 Rich. (S. C.) 141; Land Co. v. Peck, 112 Ill. 408; Miles v. Danforth, 37 Ill. 156, 162.) The trial judge saw fit to interpret this order as consolidating these causes for trial, and to direct the jury to return a verdict in each case. The abstract does not show that appellants made objection or took exception to this action on the part of the learned trial judge. Everything upon which error is assigned must appear in the printed abstract of the record. It is not the duty of an appellate tribunal to perform the work of counsel by examining the record for alleged errors which do not appear in the abstract filed in the cause. Douglass v. Miller, 102

Ill. App. 345, and cases cited; City Electric Ry. Co. v. Jones, 161 Ill. 48.

No damages to appellants are alleged or shown to have resulted from the direction of the court to the jury to return a verdict in each case, or from the entry of a separate judgment in each case. We can not conceive how appellants were thereby injured. All the costs which accompany the two judgments would have followed a single judgment in the consolidated case. The action of the court in these particulars, not having injured appellants, even though irregular, which we do not decide, is not cause for reversal. Where the rights of all persons are protected it is immaterial whether the cases were consolidated and a single verdict taken and a single judgment rendered therein, or were separately entitled and separate verdicts and judgments entered. In re Hodgman Est., 56 Hun, 648; In re Shipman's Est., 82 Hun, 108; Land Co. v. Peck, 112 Ill. 408, 435.

Second. Appellants contend that appellee did not make out a *prima facie* case under its declaration, and therefore was not entitled to a verdict in its favor.

There are two clauses in the contract, dated February 7, 1898, that are here material:

"1. The terms of payment on this work are: Eighty-five (85) per cent of all labor and materials as the work progresses; the other fifteen (15) per cent of labor and material thirty (30) days after completion, the total of which shall not exceed twenty-nine hundred dollars ($2,900). The balance of the above named price ($1,083) is to be paid at the end of the present heating season, and upon the demonstration of the above guarantees."

" 2. That we will make good any defect in workmanship, materials or effectiveness, that may be apparent within one year from completion of the apparatus without cost to you."

Under the latter clause, if the contract was substantially completed " at the end of the present heating season," then appellee had until February 7, 1899, " to make good any defect in workmanship, materials or effectiveness." It is

admitted that this steam heating plant was disconnected by appellants December 12, 1898.   There is a serious conflict in the evidence as to whether or not this system was substantially completed before the close of the heating season in the spring of 1898.   The determination of this question rested with the jury.   They found by their verdict that it had been so completed.   We have examined the record and think that finding is fairly supported by the evidence. Undoubtedly this system was not as "effective" as was intended or as expected.   Appellee, by its continued efforts during the fall of 1898, up to and including the date that appellants disconnected the system, impliedly admits this fact.   But appellee, under the contract, had until February 7, 1899, in which to make the system "effective."   Until the expiration of that time, unless appellee abandoned the work (of which there is no sufficient proof), appellants had no right to disconnect the system.

We have examined the instructions tendered by appellants, which were modified by the court before they were given to the jury.   In these modifications there was no error.

The first instruction given for appellee does not state the time in which the contract was to be completed.   This omission is not reversible error, for the system was disconnected by appellants before the time given appellee by the contract in which to render it effective had expired.   Hence such omission was immaterial.

A party who prevents a thing being done within the time stipulated will not be allowed to avail himself of the non-performance he has himself occasioned, and thus avoid his agreement.   People v. Holden, 82 Ill. 93; Marsh v. Kauff, 74 Ill. 189; Evans v. Chicago & R. I. Ry. Co., 26 Ill. 189; Western Union R. R. Co. v. Smith, 75 Ill. 496; Barton v. Gray, 57 Mich. 622.

The judgment of the Circuit Court is affirmed.