AUGUSTA LEHMANN *et al.*

*v.*

WARREN WEBSTER & CO.

*Opinion filed April 20, 1904.*

CONTRACTS—*one who prevents performance cannot avail of his act to avoid his own agreement.* A party to a contract who prevents the other party from performing his part of the contract within the time stipulated cannot avail of such non-performance to avoid his own agreement.

*Lehmann* v. *Webster & Co.* 110 Ill. App. 298, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

WILLIS SMITH, and HENRY L. WALLACE, (JOHN W. SMITH, of counsel,) for appellants.

RANDALL W. BURNS, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the circuit court of Cook county.

Appellants were the representatives of the ownership, disregarding as immaterial in this discussion the substitution of parties, of a block of stores and flats, all of which were occupied by tenants. The appellee was the owner and engaged in the installation of what was known as the Webster system of steam heating, which was represented as being more economical and furnishing a more perfect system of heating than was then installed in said stores and flats. As a result of the negotiations on the subject appellee submitted to appellants a written proposition, which was subsequently accepted February 7, 1898, in and by which appellee agreed to furnish and erect the said system of steam heating, with all the necessary appliances and connections therewith, in said stores and flats for the consideration of $3983. By the terms of the contract the appellants were to pay for the labor and materials, eighty-five per cent of the contract price as the work progressed and the other fifteen per cent thirty days after its completion, the total of which should not exceed $2900, and provided: "The balance of the above named price ($1083) is to be paid at the end of the present heating season and the demonstration of the above guaranties." The contract contained certain guaranties by appellee as to completeness and efficiency

of its system. It also contained the following provision: "We [appellee] will make good any defect in workmanship, materials or effectiveness that may be apparent within one year from the completion of the apparatus, without cost to you." Appellee, shortly after the execution of this contract, proceeded to change the heating system then in place in these buildings, and known as the "gravity system," to the "Webster system." Appellee stopped work on the plant in May, 1898, as after that date there was no heat to test the work as it progressed, but again resumed work in October of the same year as the date of the contract, and while still working on the plant, about December 13, was stopped by the Lehmann estate, now represented by appellants.

Appellants claim that the heating system was all installed before the work was discontinued in May, 1898, but was not in perfect working order, as contemplated by the contract, and that when the heating season opened in the fall of 1898 appellee began a series of tests, and resorted to various expedients to make the system furnish the necessary heat but with unsatisfactory results, and this was continued up until the 12th of December, when the demands of the tenants in the Lehmann buildings became so urgent that on December 13 appellants disconnected appellee's system. Appellee, however, contends that when the work of completing the system was resumed in the fall of 1898 an insufficient and irregular quantity of steam was furnished by the Lehmann estate because of the diverting of the steam to sinking an artesian well and other purposes, and by reason thereof appellee was not able to properly complete its work; and besides, it was subjected to various other annoying impediments in the completion of its work, and finally the Lehmann estate, while appellee was still working on the system and when it was almost completed, without justification or excuse ripped out the whole plant and confiscated a portion of its property.

On July 18, 1899, the suit of appellants against the appellee was instituted for the collection of the amounts theretofore paid on the above contract, and it was claimed appellee had not kept good its provisions. On August 3, 1899, the appellee brought suit in assumpsit against appellants on the aforesaid heating contract for the balance claimed to be due under the same. As the rights of each of the parties arose out of the same transaction and being between the same parties, the two cases were, by stipulation, consolidated by the court and tried as one case, the trial resulting in a verdict and judgment in favor of appellee for $1604.18, the remaining portion of the contract price. From this judgment an appeal was prosecuted by appellants to the Appellate Court for the First District, which court affirmed the judgment of the trial court.

The errors of the Appellate Court in affirming the judgment of the trial court, as alleged and stated by appellants, are as follows: (1) The circuit and Appellate Courts erred in holding that appellee had one year for completing the contract and making the heating system installed under the contract comply with its terms; (2) the circuit and Appellate Courts erred in holding that the disconnecting of the heating system by appellants on December 13, 1898, more than six months after its erection and installation, was a violation of appellee's right to complete the contract and prevented a compliance with the warranty, and therefore gave it a right of action to recover the unpaid portion of the contract price.

Appellants have assigned numerous specific errors and discuss in their argument various objections, but as we understand them they relate either to questions of fact, with which we have nothing to do, or to the giving and modification of certain instructions. The objections as to the instructions are all upon the theory that the court misconstrued the contract and shaped the instructions according to such erroneous construction. The mis-

construction contended for, as above set forth, was, that under the terms of the contract between the parties the court held the appellee had one year after the making of the contract to make the heating system contracted for complete and comply with the terms of the contract, and that appellants' disconnection of said system while appellee was still working upon the same and endeavoring to bring it up to the required standard, and before the expiration of one year from the acceptance of the contract, was a violation of appellee's right to complete said contract.

The contract is devoid of any express statement when the system should be installed and completed. But whatever may be said as to the uncertainty in this particular, it does expressly provide that appellee "will make good any defect in workmanship, materials or effectiveness that may be apparent within one year from the completion of the apparatus." There is no question but what appellee was endeavoring to make good the effectiveness of the system of heating contracted for when the Lehmann estate, in less than one year from the date of the acceptance of the contract, interfered and prevented further action on the part of appellee. As held in *People ex rel. v. Holden,* 82 Ill. 93, a party who prevents a thing being done within the time stipulated will not be allowed to avail of the non-performance he has himself occasioned, and thus avoid his agreement.

Giving to the contract in question the interpretation that we feel compelled, from the language, to give it, we perceive no material error in the instructions complained of,—and, indeed, it is only upon a different construction of the contract that appellants urge their objections. In the light of such circumstances no good purpose can be served in setting out more fully the instructions complained of or going more fully into this discussion.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*