City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. Addie Mae Atkins, Defendant-Appellant.

Gen. No. 47,395.

First District, Second Division.

October 7, 1958.

Released for publication October 23, 1958.

178

Nathan E. Waldman, of Chicago (David Brandwein, of counsel) for appellant.

John C. Melaniphy, Corporation Counsel of City of Chicago (Sydney R. Drebin, Assistant Corporation Counsel and Robert J. Collins, Special Assistant Corporation Counsel, of counsel) for plaintiff-appellee.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

The City of Chicago filed eleven statements of claim, containing 31 separate counts, for violation of its Municipal Code against defendant who maintained her apartment building in an unlawful condition. After trial commenced the eleven claims were consolidated into one case. Defendant pleaded not guilty and waived her right to a jury trial. The trial court found the defendant guilty of violating the Municipal Code and assessed a fine of $3100. Defendant appeals.

The property in question is located at 5101–5105 South Drexel in Chicago, and consists of a three story building originally containing six apartments now being converted into 24 apartments. Shortly before the violations were charged a fire occurred in the half of the building where the conversion work had been done. After the fire various inspectors from the building department examined the property and made their reports. The City then brought suit.

Defendant contends that the proceedings were penal in nature and therefore separate findings and judgments should have been entered in each case; that proper notice was not given to her prior to suit; that

179

the charges were not proved by a clear preponderance of the evidence; and that there was duplication in the counts.

 The rule is well settled in this state that consolidation of cases is a matter within the discretion of the trial judge. In the early case of Miles v. Danforth, 37 Ill. 156, the Supreme Court set out the concept at page 162:

"We think it is discretionary with the court in all cases, and unless that discretion has been greatly abused, this court will not interfere."

The court reaffirmed its position in Black Hawk Motor Transit Co. v. Illinois Commerce Commission, 383 Ill. 57. To the same effect is Reinert v. Willing, 13 Ill.App.2d 163. Likewise, consolidation is discretionary in equity cases. See Blyman v. Shelby Trust Co., 382 Ill. 415; Barnes v. Swedish American National Bank, 371 Ill. 20.

 Once cases have been consolidated it is immaterial whether a single verdict and judgment are given or whether separate findings and judgments are rendered. Lehmann v. Warren Webster & Co., 110 Ill. App. 298, aff'd 209 Ill. 264. See also 1 I. L. P., Actions §§ 121–122. All the cases filed here could have been made the subject of one proceeding, because the same parties, the same subject matter, and generally the same Ordinances are involved. This consolidation is the type which merges all the cases into one, wherein the rights of the parties are determined. See Black Hawk Motor Transit Co. v. Illinois Commerce Commission, 383 Ill. 57. Although Illinois has held that it is immaterial whether separate or single judgments are rendered in a consolidation, Lehmann v. Warren Webster & Co., the better reasoned view is that there should be one finding and one judgment in a "true consolidation" because there remains only one case to decide after consolidation. The purpose of consolida-

180

tion is to eliminate multiplicity of suits and prevent unnecessary litigation. Wolfson v. Beatty, 118 Cal. App.2d 392, 257 P.2d 1017. For a list of the many jurisdictions which follow the single judgment rule see 1 C. J. S., Actions § 113a(5).

█ Defendant argues that the quasi criminal nature of the present suit prevents consolidation but this argument is without merit because these proceedings are not strictly penal in nature. They are more in the nature of penalty or tax suits and consolidation is proper in those areas.

In Baltimore & O. S. R. Co. v. United States, 220 U. S. 94, the Supreme Court held that it was proper to consolidate eleven penalty suits, under a penal statute, against the Railroad and entered a single judgment. Likewise in a suit for delinquent taxes against the owner of many tracts of land, the Kansas Supreme Court said that it would be an abuse of discretion for the trial court not to consolidate the cases after they had been started. However, in that case because of the multiple defendants there was no abuse in refusing consolidation. Whitney v. Board of County Com'rs of Morton County, 73 Kan. 502, 85 Pac. 530.

Therefore, a consolidation with a single finding and judgment is proper in a case of this nature because all the requirements have been met and the proceeding is not strictly criminal in nature.

██ The evidence shows that defendant did have proper notice of some violations and as to the others, as the court pointed out in City of Chicago v. Atwood, 269 Ill. 624, the law does not require notice to violators who are aware of their violations. Since defendant has been before the Municipal Court many times and the building was being remodeled under court direction at the time of the violations it would be most unreasonable to assume she was unaware of these violations. In any event, City Ordinances are presumed to

181

be known to the inhabitants of the city or parties having dealings with it. Warshawsky v. American Automotive Products, 12 Ill.App.2d 178.

Even if notice were required defendant could not prevail on this point because she failed to complain of any lack of notice at the trial and cannot raise the question on appeal for the first time. In re Estate of Leichtenberg, 7 Ill.2d 545; Blanchard v. Lewis, 414 Ill. 515; City of Chicago v. Hadesman, 17 Ill.App.2d 150.

Although defendant contends plaintiff did not establish its case by a clear preponderance, it has long been the rule in this state that an Appellate Court cannot reverse the trial court on a question of fact ". . . unless it is clearly against the manifest weight of the evidence. Manifest means clearly evident, clear, plain, indisputable." Schneiderman v. Interstate Transit Lines, Inc., 331 Ill. App. 143, 147. Here defendant offered no testimony to deny any of the charges but merely called the various parties who had worked on the building. Plaintiff's witnesses on the other hand testified to unlawful conditions in the building both before and after the fire. In our view the findings of the trial court are not clearly erroneous and must be accepted in this court.

Admittedly there was duplication in some of the counts, but it is evident that this factor was considered in assessing the fine which was substantially less than that which could have been imposed, even allowing for the duplication.

For the reasons given, the judgment of the Municipal Court is affirmed.

Affirmed.

MURPHY and KILEY, JJ., concur.