GERALD C. VILLIGER et al., Plaintiffs-Appellants, v. THE CITY OF HENRY et al., Defendants-Appellees.

Third District    No. 76-380

Opinion filed April 21, 1977.

Brian M. Nemenoff, of Peoria, for appellants.

Brad Sweringer, of Moehle, Reardon, Smith & Day, Ltd., of Washington, and Robert T. Swengel and John J. Wosik, both of Henry, for appellees.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Plaintiffs Gerald C. Villiger and Kenneth J. Villiger brought a declaratory judgment action in the Circuit Court of Marshall County to determine the validity of a zoning ordinance which changed the classification of defendants' property from "Conservation" to a special use. The trial court granted defendants' motion for summary judgment, and plaintiff appeals. We affirm the judgment of the trial court.

This dispute involves a six-acre parcel of real estate in Henry, Illinois, which was used for agricultural purposes until 1975. In 1969, when defendant Raymond E. Hunt purchased the property, he filed a petition with the Zoning Board of Appeals of the City of Henry requesting that the parcel be reclassified from "Conservation" to "Light Industrial." At the hearing on the petition plaintiffs appeared as objectors. The zoning board recommended that Hunt be granted a special use permit for retail and wholesale lumber, building materials and concrete ready-mix, subject to certain restrictions which are not of concern in this litigation. Thereafter the city council adopted an ordinance to amend the zoning ordinance to permit the recommended special use for Hunt's property.

The property continued to be used for agricultural purposes until January 4, 1975, when Hunt sold the property to defendant Daniel R. Faubel and Jon Faubel. The Faubel brothers obtained a building permit from the city and an operating permit from the Environmental Protection Agency. At the same time, the Faubels purchased Hunt's ready-mix plant operating at a different location and, under the terms of the purchase contract, agreed to dismantle and remove the plant prior to June 30, 1975, when the plant would be completed. After construction began on the new plant, plaintiffs filed this suit challenging the validity of the 1969 ordinance which classified the property as a special use. The complaint set forth a potpourri of alleged defects in the ordinance, but the only defect urged on appeal is the inadequacy of the zoning board's notice which stated that the petitioners were requesting reclassification of the premises to "Light Industrial." Plaintiffs claim that they were not informed that a special use was being sought, and that no additional notice was given either before or after the board issued its recommendation to the city council.

Defendants filed their answers and affirmative defenses to the declaratory judgment complaint, and plaintiffs replied. Defendants then filed motions for summary judgment supported by affidavits, and plaintiffs countered with a motion to deny defendants' motions and to grant summary judgment for plaintiffs along with supporting affidavits.

The trial court found that there was no genuine issue as to any material fact and that defendants were entitled to summary judgment on the basis of laches.

■■ Plaintiffs have perfected this appeal from the decree and contend that the equitable defense of laches is not applicable to a declaratory action to determine the validity of a zoning ordinance because the issue to be decided was legal in character and not equitable. This contention is without merit. While a declaratory judgment action is neither legal nor equitable but rather *sui generis* (*Gouker v. Winnebago County Board of Supervisors* (1967), 37 Ill. 2d 473, 228 N.E.2d 881), the complaint here indicates that this cause is "in chancery." Furthermore, laches now includes delay in the prosecution of legal actions as well as equitable (*People ex rel. Kennedy v. Hurley* (1st Dist. 1952), 348 Ill. App. 265, 108 N.E.2d 808, *cert. denied*, 346 U.S. 817, 98 L. Ed. 344, 74 S. Ct. 29; 1 Ill. L. & Prac. *Actions* § 133 (1953)), and is available as an affirmative defense in declaratory judgment proceedings. *Cangelosi v. Board of Fire & Police Commissioners* (1st Dist. 1973), 12 Ill. App. 3d 799, 299 N.E.2d 151.

Plaintiffs also urge application of the rule stated in *La Salle National Bank v. City of Evanston* (1962), 24 Ill. 2d 59, 179 N.E.2d 673, as follows:

> "A zoning ordinance cannot be sustained if in violation of the constitution, no matter how long or by whom it has been recognized as legal, and the fact that the purchaser or his grantor may have acquiesced in the classification will not estop him from testing its validity." 24 Ill. 2d 59, 64, 179 N.E.2d 673, 676.

*La Salle* involved a suit by the purchaser of property zoned for single-family dwellings challenging the constitutionality of the zoning ordinance, and Illinois courts have refused to recognize a defense of acquiescence in such situations. (See *Harmon v. City of Peoria* (1940), 373 Ill. 594, 29 N.E.2d 535.) We believe the case at bar is distinguishable on its facts from *La Salle* and its progenitors.

Instead we believe the situation here is nearly identical to *Smith v. City of Macomb* (3d Dist. 1976), 40 Ill. App. 3d 658, 352 N.E.2d 697, where objectors to two zoning reclassification amendments waited two years to complain that the ordinances were void for lack of a two-thirds vote. In reversing the judgment of the trial court, which had granted the plaintiff-objectors the relief sought, Justice Stouder stated:

> "Under these circumstances, we believe that plaintiffs lack of due diligence and the substantial change in position made by the [defendants] in purchasing the property, executing a mortgage, and incurring other obligations, operates as an estoppel, precluding the plaintiffs from asserting the absence of a two-thirds vote. It was the duty of the plaintiffs to assert the invalidity of the ordinance on this ground within a reasonable time after its passage,

particularly where they were objectors to it." 40 Ill. App. 3d 658, 665, 352 N.E.2d 697, 703.

■■ Similarly, the Faubels purchased the property and spent nearly $20,000 in reliance on the 1969 zoning amendment. Plaintiffs, who were objectors at the 1969 hearing, are now estopped from asserting an alleged defect in the notice. Justice and right require that defendants be permitted to proceed.

We therefore affirm the judgment.

Affirmed.

BARRY and SCOTT, JJ., concur.