RICHARD BLANKENSHIP *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF KANE *et al.*, Defendants-Appellees.

Second District   No. 79-454

Opinion filed June 27, 1980.

Donald G. Weaver, of Geister, Schnell, Richards & Brown, of Elgin, for appellants.

David H. Armstrong and Wolin, Frisch, Zelmar & Kaufman, both of Chicago, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:
Plaintiffs, certain property owners, brought this action seeking a

declaration that a special use ordinance was invalid, and an injunction against defendants' development of property pursuant to that ordinance. Plaintiffs now appeal the trial court's dismissal of their complaint on the ground of laches.

In September of 1969 the Kane County board of supervisors enacted an ordinance granting a special use for a restricted landing area to be developed in the northwest corner of Kane County. In April of 1979 this suit was filed by plaintiffs challenging the validity of the ordinance by raising certain statutory and constitutional objections. Plaintiffs claimed that the ordinance as enacted exceeded in scope that which the petitioner sought and that provided in the notice and hearing prior to its enactment. Specifically, plaintiffs' objection was based on the omission of a recommended stipulation that the landing area be restricted to persons owning property in an adjacent subdivision. It is conceded by all parties that the law in effect at the time the ordinance was passed would have rendered such a restriction illegal. Plaintiffs argue, however, that misleading or ambiguous representations as to that restriction contained in the notice and at the hearing rendered the ordinance invalid. On defendants' motion pursuant to section 48 of the Civil Practice Act, the trial court dismissed plaintiffs' suit with prejudice, finding that the claim was barred by laches.

On appeal, plaintiffs contend that the trial court erred in dismissing the complaint because (1) defendants' motion to dismiss was insufficient under section 48 of the Civil Practice Act and Supreme Court Rule 191, in that it contained unpermitted conclusions of law and fact, and (2) the doctrine of laches does not bar plaintiffs' claim.

■■ Plaintiffs' first contention specifically challenges the allegation in paragraph six of defendants' motion to dismiss that "plaintiffs had actual or constructive knowledge of the airport development." A motion to dismiss based on laches would be insufficient absent some allegation of knowledge since that doctrine does not apply unless the party against whom the defense is asserted has discovered or should have discovered the fact upon which his claim is based. (*Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236.) Plaintiffs object to the allegation, saying that there is no factual basis in the record or in the pleadings for the assertion that plaintiffs could have had such knowledge.

Section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48) allows a defendant to raise in a motion to dismiss any "affirmative matter" which operates to avoid or defeat plaintiffs' claim. One such affirmative matter is the defense of laches. However, if the elements of the defense do not appear on the face of the pleading attacked, the motion to dismiss must be supported by an affidavit which sets forth facts supporting the claim to the defense. (Ill. Rev. Stat. 1979, ch. 110A, par.

191.) Laches is a defense based on such a neglect or omission by plaintiff to assert a right, taken in conjunction with lapse of time and other circumstances causing prejudice to an adverse party, as will act as a bar to plaintiff's claim. (*Freymark v. Handke* (1953), 415 Ill. 360, 114 N.E.2d 349.) In this case, defendants' motion to dismiss alleges that the ordinance was passed in 1969, that suit was first brought in 1979, that defendants expended several million dollars in reliance on the ordinance, and that plaintiffs had constructive or actual knowledge of "the development in question." Plaintiffs contend, correctly, that the allegation of knowledge is necessary to sufficiently raise the defense of laches. However, plaintiffs further contend that there is no factual basis for the trial court's finding that the element of knowledge was sufficiently alleged. Plaintiffs argue that defendants' verification of its motion is insufficient in that the verifier could not have personal knowledge, as required by Supreme Court Rule 191, of whether or not plaintiffs ever had knowledge of the development in question, and that therefore the allegation is merely a conclusion and renders the pleading defective.

■ It appears, however, that all elements of the defense of laches do appear on the face of the pleadings. Clearly, plaintiffs' complaint admits that the ordinance was passed in 1969, and the record reveals that suit was brought in 1979. The motion to dismiss alleges that defendants have spent over $2½ million in reliance on the ordinance, which allegation is sufficiently verified. Further, the issue of knowledge is, in fact, resolved on the face of plaintiff's complaint. The complaint alleges that, subsequent to the filing of a petition regarding a special use, "the Kane County Zoning Board of Appeals caused a Notice to be published in the Elgin Courier News on July 10, 1969 of a public hearing to be held on July 25, 1969, for consideration of the petition for special use for restricted landing area," and further alleges that such hearing was held. Thus, as to any plaintiffs who were residents of the area at the time of the ordinance's enactment, actual knowledge of the application for the special use permit and ordinance can be imputed to them by reason of the notice and hearing which occurred, as alleged in the complaint. Further, the notice and hearing apparently complied with the requirements of section 5 of "An Act in relation to county zoning" (Ill. Rev. Stat. 1979, ch. 34, par. 3158) regarding amendment of county zoning regulations by ordinance. As to any plaintiffs not resident in the community in 1969, but presently living there, those plaintiffs may be said to have had constructive knowledge of the special use ordinance since all subsequent purchasers are charged with constructive knowledge of the current zoning ordinances (in effect at the time of purchase). See *DuMond v. City of Mattoon* (1965), 60 Ill. App. 2d 83, 207 N.E.2d 320; *City of Chicago v. Atkins* (1958), 19 Ill. App. 2d 177, 153 N.E.2d 302.

Therefore, those plaintiffs who acquired property subsequent to the special use permit ordinance cannot contend that they were misled by any alleged representations or alleged stipulation made prior to the enactment of the ordinance. Thus, even if there is no basis in the record for a finding that all plaintiffs had actual knowledge of the physical development of the landing area, the allegations in the pleadings do support a finding that all plaintiffs had actual or constructive knowledge of the special use ordinance which they are now challenging. We therefore conclude that the defense of laches was sufficiently raised in defendants' motion to dismiss.

Plaintiffs contend that, even if the defense was sufficiently raised, there are insufficient facts to support the trial court's dismissal of the complaint on the basis of laches. Specifically, plaintiffs assert that the 10-year lapse of time between the ordinance's enactment and the filing of this suit is only one of many circumstances to be considered in evaluating the defense of laches. Plaintiffs argue that their mere acquiescence in the passage of the ordinance, without more, is insufficient to bar plaintiffs' claim.

It has been held that, where a plaintiff challenges an ordinance on serious constitutional grounds, delay in challenging or mere acquiescence in its passage will not operate to bar that challenge. (*La Salle National Bank v. City of Evanston* (1962), 24 Ill. 2d 59, 179 N.E.2d 673.) However, plaintiffs have not argued constitutional issues in this appeal, but have alluded to their original allegations of defects in notice and hearing only to imply that laches is somehow not available to defendants because of "unclean hands." Moreover, even when constitutional grounds were asserted to attack the validity of an ordinance, it was held that the plaintiffs should have asserted such invalidity within a reasonable time after passage where the basis for the challenge was the lack of a two-thirds vote for passage. *Smith v. City of Macomb* (1976), 40 Ill. App. 3d 658, 352 N.E.2d 697.

■■ In *Villiger v. City of Henry* (1977), 47 Ill. App. 3d 565, 362 N.E.2d 120, relied on by both parties here, the appellate court for the Third District, based on the *Smith* decision, found that plaintiffs' lack of due diligence in asserting their claim (six or seven years), together with defendants' substantial reliance, worked on estoppel against plaintiffs' attack on the ordinance on the grounds of insufficient notice. Plaintiffs here point out that in both *Villiger* and *Smith* the plaintiffs had been objectors at the time the ordinance was passed, and that therefore those cases do not control in the situation here presented. However, those cases appear to stand for the proposition that some claims, asserted as constitutional challenges, if not truly substantial, will not preclude the application of the doctrine of laches where there is a clear showing of lack of due diligence by plaintiffs and substantial reliance by defendants. The

fact that plaintiffs may have objected to an ordinance when it was passed would only tend to indicate that those plaintiffs had actual knowledge of its existence and that they should thus be barred from challenging it at a much later date. Plaintiffs in this case who claim misrepresentation at the 1969 zoning hearing clearly had actual knowledge that the special use permit might be granted and a proper ordinance passed. Plaintiffs, however, apparently waited 10 years to attack the validity of that ordinance, during which time defendants expended substantial sums in reliance on this special use provided for in the ordinance. Under these circumstances plaintiffs' lack of due diligence and defendants' substantial change in position operates to preclude plaintiffs from now attacking the ordinance on the basis alleged in their complaint; it was plaintiffs' duty to challenge the validity of the ordinance within a reasonable time after its passage. (See *Villiger v. City of Henry.*) As to any plaintiffs who acquired their property subsequent to the enactment of the special use permit ordinance, they had constructive notice of the ordinance at the time of purchase; they could not have been misled by any representations made prior to its enactment. They therefore have no basis for the allegations contained in the complaint.

We therefore conclude that the trial court's finding that plaintiffs' complaint should be dismissed with prejudice was proper.

Accordingly, the judgment is affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.