Anthony J. Jones, Plaintiff-Appellant, v. Matilda Mc-Collen, et al., Anthony J. Jones, as Administrator of the Estate of Florence Malone Jones, Acme Roofing and Sheet Metal Company, Emmett-Scharf Electric Company, Byrl D. Robertson, d/b/a B. D. Robertson Company, and Unknown Owners of the Premises, and Unknown Persons in Possession of the Premises, Defendants-Appellees.

Gen. No. 10,845.

Fourth District.

July 18, 1967.

Donald B. Mackay and Eugene J. Larkin, of Bloomington, for appellant.

McCoy, Ming and Black, of Chicago (Walter K. Black, of counsel), for appellees.

SMITH, J.

Plaintiff filed his second amended complaint to set aside a certain trust deed, to obtain partition of the real estate described therein and for an accounting for the rents, issues and profits therefrom. The trial court dismissed the suit on the ground that the amended complaint does not show a partitionable interest in the real estate, that the plaintiff does not allege a lack of adequate remedy at law in seeking his accounting, and that the complaint failed to state a cause of action. The suit was dismissed with prejudice at plaintiff's cost. From this judgment order, plaintiff appeals.

On May 11, 1959, Florence M. Jones, a widow, executed a deed in trust conveying the real estate involved herein to Louise A. Jones and Frederick Albert Jones as trust-

ees. This deed is attached to and made a part of the second amended complaint, was duly recorded in the records of McLean County on June 8, 1959, and among other things recites that the property is conveyed to them as "trustees under the provisions of a trust agreement dated the 11th day of May, 1959, known as Trust No. 1." This deed reserved to the grantor a life interest in the property and then granted to the grantees full power and authority to improve, manage, protect and subdivide, to vacate a subdivision and resubdivide, to convey to successor trustees, to mortgage, pledge and encumber, to lease, to exchange the property, to grant easements and to generally deal with said property and every part thereof in any way that would be lawful for any person owning the same to deal with it. It further provided that the interest of each beneficiary shall only be in the earnings, avails and proceeds arising from the sale or other disposition of said real estate, that such interest is hereby declared to be personal property, that no beneficiary hereunder shall have any title or interest legal or equitable in or to said real estate as such, and gave the power to the survivor of the trustees to carry out the express provisions of the deed. The deed does not name the ultimate beneficiaries of the trust, does not indicate the share of each beneficiary, specifies no time for the distribution of the proceeds of said trust, nor does it provide for any termination date.

The complaint alleges the ownership of this property in Florence M. Jones as of and prior to the 12th day of February, 1962; that on that date she died intestate, leaving her surviving her children consisting of the plaintiff and the individually named defendants in this suit; that each became vested with an undivided ⅐th interest in and to said real estate; that on the 28th day of February, 1962, Anthony J. Jones was appointed administrator of said estate and was made a defendant in such

377

capacity; that on May 11, 1959, Florence M. Jones did execute the deed of trust above described; that Florence M. Jones did not at any time during her lifetime execute a trust agreement described as Trust No. 1 in the deed of trust, nor did she at any time ever execute any instrument creating or purporting to create a trust of the above described property; that on the 12th day of February, 1962, the grantees and purported trustees went into the possession of the real estate and have collected the rents, issues and profits therefrom without accounting to the plaintiff or his brothers and sisters; that said deed in trust should be declared invalid, void and without effect and should be set aside as a cloud upon the title; that partition should be granted, and that the defendant grantees and trustees should be required by the court to make a true and correct accounting.

■ It is fundamental that to state a cause of action for partition, the plaintiff must either allege facts showing a legal estate in himself at the time of filing the complaint or allege facts which show he is the equitable owner with such additional circumstances as would justify a court of equity in vesting in him a legal estate by decree of court and which in the same proceedings may be made the subject of partition and division among the beneficiaries. Ylonen v. Ylonen, 2 Ill2d 111, 117 NE2d 98; Harris v. Ingleside Bldg. Corp., 370 Ill 617, 19 NE2d 585. To establish that he has a legal partitionable interest in the real estate, plaintiff asserts that the deed in trust is void as it is inadequate to create an express trust; that it is merely a cloud on the title; that this being so, the grantor died seized and possessed of the fee simple title to this property; that the plaintiff as one of the seven heirs-at-law of said decedent thus inherited an undivided 1/7th interest in the property and he is now entitled to partition of that legal interest.

378

■ To create an express trust, the instrument or instruments of creation must describe with certainty the subject matter, the beneficiaries, the nature of the beneficiaries' interest and the manner in which the trust is to be performed. Kraft v. Kretchman, 17 Ill2d 71, 160 NE2d 806; Tucker v. Countryman, 414 Ill 215, 111 NE 2d 101. The trust deed in this case, standing alone, does not meet these requirements. It does not name the beneficiaries, does not indicate the share of each beneficiary or the number of such beneficiaries, specifies no time for the distribution of the proceeds from said trust, nor does it specify any termination date for it. Inadequate then to create an express trust, is the deed a nullity?

■ The deed in trust recites that there was a trust agreement dated the 11th day of May, 1959, known as Trust No. 1. Plaintiff alleges that no such agreement was ever executed and further alleges that Florence M. Jones did not at any time execute any instrument creating or purporting to create a trust of the above described real estate. If the plaintiff's allegations are true, then there is no express trust. It does not follow, however, that the deed in trust is a nullity. "Where property is conveyed on an express trust which fails, in whole or in part, a resulting trust arises as against the trustee in favor of the grantor and those claiming under him in the property conveyed." ILP, Trusts, ¶ 42. In Wagner v. Clauson, 399 Ill 403, 78 NE2d 203, a testator gave the residue and remainder of her estate to a trustee "for the purpose of converting it into cash and making distribution thereof in accordance with a memorandum of instructions prepared by me [the testator] and delivered to her." The testator died owning real estate. The only memorandum in existence was a memorandum relating to personal property. The trial court held this provision of the will invalid, and decreed partition of

the real estate. The express trust in the real estate failed for want of designated beneficiaries. The Supreme Court there held that while the will had put the legal title in the person designated as trustee, the failure of the express trust places the title in those who would by law take it in event there was no will and that the theory upon which this follows is that the failure of the original trust produces a resulting trust in favor of the heirs. It would seem to us therefore to follow that if as a matter of fact there was no declaration of trust in the instant case, there is a failure to establish an express trust and instead a resulting trust arises therefrom. In this posture, the real estate here is partitionable not because the deed in trust is a nullity, but rather because the deed in trust creates an equitable partitionable interest in real estate. It is partitionable, if at all, not as a legal interest in real estate, but as an equitable interest.

██ Pleadings are the vehicles in which the right to relief ride. In his original complaint, the plaintiff alleged that the defendants, Louise A. Jones and Frederick Albert Jones, support their claims to title as trustees by a declaration of trust dated June 27, 1964, and recorded July 20, 1964, and by an affidavit dated July 21, 1964, and recorded on August 10, 1964. These allegations were eliminated in the amended complaint. The contents of these documents were not before the trial court nor are they before this court. What effect, if any, they have upon the title to this real estate is thus unknown. Whether they are in conflict with or in implementation of the deed of trust which recites the execution of a trust agreement is not known. Where the language of a pleading is at variance with the recitals of a document attached to or made a part of such pleadings, the recitals in the documents prevail. Sangamon County Fair & Agricultural Ass'n v. Stannard, 9 Ill2d

267, 137 NE2d 487; Lictorio, Inc. v. Sears, Roebuck & Co., 317 Ill App 375, 46 NE2d 130. The rule just stated applies when the instrument sued on is the basis for recovery or where the instrument sets up a claim contrary to the relief sought by the pleadings. Fowley v. Braden, 4 Ill2d 355, 122 NE2d 559. The relief sought by the plaintiff in his pleadings is that he is entitled to partition as the legal owner of $\frac{1}{7}$th of this real estate. His own pleadings establish that there is an equitable ownership now outstanding on this real estate and precludes partition on this theory as the owner of a legal interest.

█ Neither does the plaintiff state a cause of action for equitable relief. If as a matter of fact a declaration of trust was executed contemporaneously with the deed in trust, was the plaintiff a named beneficiary? The record before us is silent. Does the subsequent declaration of trust in 1964 and the affidavit pleaded implement the deed in trust as a matter of fact and as a matter of law? The record is silent. Is the plaintiff an equitable owner under this subsequent declaration of trust and affidavit? The record is silent. Plaintiff alleges no facts asserting equitable ownership or interest in this real estate in himself. It follows, therefore, that the trial court properly dismissed this suit.

█ Plaintiff further complains that the trial court went beyond the issues in this case in dismissing his suit "with prejudice." The motion directed to the original and amended complaints was filed under Ill Rev Stats c 110, § 45. Subsection (4) of that section provides: "After rulings on motions, the court may enter appropriate orders either to permit or require pleading over or amending or to terminate the litigation in whole or in part." The motion filed by the defendants makes it clear that the motion was directed to the proposition that the pleadings set up no legal interest in the real

estate subject to partition, that the only interest of the plaintiff under the deed in trust, if any, is personal property. The issue before the trial court was therefore this narrow issue. There was no effort on the part of the plaintiff to further amend his complaint or to plead in the alternative or to set up any equitable interest in or claim to this property. Plaintiff has had his day in court on the narrow legal issue. Whether as a matter of fact or as a matter of law he has any equitable interest in this property is not shown by this complaint nor for that matter is such an equitable interest claimed.

Accordingly, the judgment of the trial court is correct and it should be and it is hereby affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.