BARRY MOGUL, Plaintiff-Appellee, v. KENNETH TUCKER, Defendant-Appellant.

First District (5th Division)   No. 86—1546

Opinion filed February 6, 1987.

Rosenthal & Schanfield, of Chicago (Lawrence M. Templer, of counsel), for appellant.

Feiwell, Galper, Lasky & Berger, Ltd., of Chicago (Daniel C. Meenan, Jr., and William H. Hrabak, Jr., of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is a permissive interlocutory appeal under Supreme Court Rule 308 (87 Ill. 2d R. 308) from an order striking the affirmative defense of *laches*. The question presented is whether defendant is precluded from raising the defense in his answer by our prior opinion in this case, *Mogul v. Tucker* (1981), 102 Ill. App. 3d 438, 430 N.E.2d 87.

In 1979 plaintiff filed a complaint for an accounting and specific performance of an agreement under which he claimed a 25% interest in a shopping center project. The trial court granted defendant's motion to dismiss the action as being barred by *laches*. On the appeal therefrom, the sole issue raised was whether the *laches* defense was properly applied and, finding that it had not been, we reversed the order of dismissal and remanded the cause "for reinstatement so that the parties may proceed to the merits." *Mogul v. Tucker* (1981), 102 Ill. App. 3d 438, 444, 430 N.E.2d 87.

On remand plaintiff filed an amended complaint seeking money damages only, and in defendant's answer he again raised *laches* as an affirmative defense. On plaintiff's motion this defense was stricken with prejudice, with the court ruling that our earlier opinion in this matter was dispositive on the issue of *laches*. The court denied

defendant's motion for reconsideration but granted his motion for certification under Rule 308.

■■ ■ Section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) allows a defendant to raise, in a motion to dismiss, any "affirmative matter" which operates to avoid or defeat plaintiff's claim. One such affirmative matter is the defense of *laches.* (*Blankenship v. County of Kane* (1980), 85 Ill. App. 3d 621, 622, 407 N.E.2d 145.) Contrary to defendant's assertion, the issue of *laches* does not have to be decided after a trial on the merits but may properly be determined on a motion to dismiss if its applicability appears from the face of the complaint or by affidavits submitted with the motion. *In re Adoption of Miller* (1982), 106 Ill. App. 3d 1025, 1032, 436 N.E.2d 611; *Beckham v. Tate* (1978), 61 Ill. App. 3d 765, 768, 378 N.E.2d 588.

■■ Where, as in the case at bar, the elements of the defense do not appear on the face of the pleading attacked, the motion to dismiss must be supported by affidavit. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a).) The motion to dismiss in this case was supported by affidavit and thus will be deemed to have been brought under what is now section 2—619 of the Code of Civil Procedure. See *Davis v. Weiskopf* (1982), 108 Ill. App. 3d 505, 508-09, 439 N.E.2d 60, and *Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 131, 359 N.E.2d 171.

Section 2—619(d) states:

> "The raising of any of the foregoing matters by motion under this Section does not preclude the raising of them subsequently by answer unless the court has disposed of the motion on its merits; and a failure to raise any of them by motion does not preclude raising them by answer."

■■ Section 2—619(d) expressly limits the right to raise such matters by answer to instances where they have not been raised by motion, or where, if so raised, the court has not ruled on their merits. If, however, the court has disposed of the motion on its merits, all the grounds set forth therein have been adjudicated and cannot be again presented by answer. See *Randall Dairy Co. v. Pevely Dairy Co.* (1935), 278 Ill. App. 350, 358; *Hitchcock v. Reynolds* (1935), 278 Ill. App. 559, 563.[1]

---

[1] *Thornton, Ltd. v. Rosewell* (1977), 51 Ill. App. 3d 373, 366 N.E.2d 418, *aff'd* (1978), 72 Ill. 2d 399, 381 N.E.2d 249, cited by defendant, does not stand for a contrary proposition. In *Thornton,* the reviewing court merely stated that where the circuit court determined that it had erred in denying a motion to dismiss, it could permit defendants to raise the same issues in their answer. 51 Ill. App. 3d 373, 377.

■ Upon our review of the pleadings and affidavits filed in support of and in opposition to defendant's motion to dismiss, we noted in the previous appeal that plaintiff gave early and repeated notice to defendant of his intention to participate in the investment opportunity represented by the shopping center development project, that defendant chose to proceed with the project in the face of plaintiff's clear statement of intent to acquire his proportionate interest, and that defendant's assumption of the venture's risk was voluntary, as was his decision to deny plaintiff a portion of the opportunity. *Mogul v. Tucker* (1981), 102 Ill. App. 3d 438, 443, 430 N.E.2d 87.

We found lacking that element of delay that prejudices or misleads a defendant or causes him to pursue a course different from that which he would have otherwise taken. (102 Ill. App. 3d 438, 443, 430 N.E.2d 87.) Specifically, we stated that it did not appear that defendant changed his position in *reliance* on plaintiff's inaction; rather, "defendant simply ignored plaintiff's attempts to assert his rights and proceeded with the shopping center development." 102 Ill. App. 3d 438, 443, 430 N.E.2d 87.

We also found that plaintiff's explanation for not filing suit earlier (that he feared reprisals from his employer, whose officers included defendant, and that he was trying to resolve the dispute amicably through discussions with the other general partners) was reasonable. (*Mogul v. Tucker* (1981), 102 Ill. App. 3d 438, 443, 430 N.E.2d 87.) Accordingly, we concluded that "defendant failed to establish either that plaintiff's delay was unreasonable or that he was prejudiced by the delay." (*Mogul v. Tucker* (1981), 102 Ill. App. 3d 438, 443, 430 N.E.2d 87.) We therefore held that the *laches* defense was not properly applied under the circumstances of the case, and we reversed the trial court's judgment that the action is barred by *laches* and remanded the cause "for reinstatement so the parties may proceed to the merits." 102 Ill. App. 3d 438, 444, 430 N.E.2d 87.

In light of the foregoing, there can be no doubt that we disposed of the motion to dismiss on its merits, thereby precluding defendant from raising the defense of *laches* on remand in his answer to plaintiff's amended complaint.

In an attempt to salvage his *laches* defense, defendant relies on certain deposition testimony that plaintiff first learned of defendant's participation in the subject real estate development more than six months earlier than the date alleged in the complaint and that he was offered (and apparently refused) an opportunity to participate in the development. Although this evidence might be relevant as to issues remaining in the case, it is clear that it would not have had any affect

on our resolution of the *laches* question even assuming that this evidence could have been raised in the motion to dismiss.

In response to the question identified by the trial court, we hold that defendant was precluded from raising the defense of *laches* in his answer by our opinion in the prior appeal herein. Accordingly, we affirm the order granting plaintiff's motion to strike the affirmative defense of *laches* and this cause is remanded for the disposition of remaining issues.

Affirmed and remanded.

LORENZ and PINCHAM, JJ., concur.