MARCIA FRIEDMAN, Plaintiff-Appellant, v. RANDALL J. GINGISS *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—88—1078

Opinion filed April 18, 1989.

---

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.

John D. Lien and Joanne A. Sarasin, both of Antonow & Fink, of Chicago, for appellant.

Stanley B. Block and Diane M. Kehl, both of Vedder, Price, Kaufman & Kammholz, of Chicago, for appellees Randall J. Gingiss and Helene M. Gingiss.

Thomas P. Marnell, of Tyrrell & Flynn, of Chicago, for appellee 1100 Lake Shore Drive Condominium Association.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Marcia Friedman, filed a complaint for declaratory relief and permanent injunction against defendants, Randall and Helene Gingiss and the 1100 Lake Shore Drive Condominium Association. The trial court granted defendants' motion to dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). This appeal followed.

1100 North Lake Shore Drive is a residential condominium building in Chicago, Illinois. One- and two-story apartment units are located on floors 3 through 40. Each floor contains three units: an A and a C unit, which are two-story units, and a B unit, which is a one-story unit. The odd-numbered floors contain the first level of the A and C units and an entire B unit. The even-numbered floors contain the second level of the A and C units and an entire B unit. The primary entrances to the two-story units are located on the odd-numbered floors, with another door on the even-numbered floor above. As originally designed, this second story did not have any exterior hardware and, therefore, this door could only be used for egress.

Plaintiff owns unit 20B, a one-story apartment on the 20th floor. She shares the 20th floor with the second level of units 19A and 19C. While units 19A and 19C have their primary entrance on the 19th floor, they also have doors on the 20th floor. Defendants Randall and Helene Gingiss own unit 19A. The owner of unit 19C is not a party to this litigation.

The complaint alleges that plaintiff purchased unit 20B because it did not share the 20th floor hallway with any other unit's primary en-

trance and because under the association rules and regulations, she had the option to decorate the hallway. Plaintiff exercised this option.

The complaint further alleges that since Randall and Helene Gingiss moved into unit 19A, they have improperly used their door located on the 20th floor as a regular means of ingress and egress. It alleges that Randall and Helene Gingiss also installed a key-activated lock on the exterior of the door, thus facilitating ingress by way of the 20th-floor door.

Plaintiff claims that the use of the 20th-floor door by Randall and Helene Gingiss interferes with her right to the exclusive and peaceful enjoyment of the 20th-floor hallway and the peaceful use of her unit. Plaintiff asked the court to declare a negative easement for the benefit of her unit, 20B, which would restrict the owners of unit 19A (and 19C, which is similarly situated) from using their 20th-floor door except as an emergency exit.

The trial court dismissed the complaint for failure to state facts sufficient to warrant the imposition of a negative easement.

■ In order to withstand a motion to dismiss, a complaint must set forth a legally recognized claim as the basis for recovery and must properly plead facts. (*Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 458 N.E.2d 1120.) A motion to dismiss admits for purposes of review all well-pleaded facts. (*Fitzgerald v. Chicago Title & Trust Co.* (1978), 72 Ill. 2d 179, 380 N.E.2d 790.) Exhibits attached to the complaint are considered part of the complaint. (*Bond v. Dunmire* (1984), 129 Ill. App. 3d 796, 473 N.E.2d 78.) If there is a conflict between the allegations of the complaint and the exhibits, the exhibits control. (*Salisbury v. Chapman Realty* (1984), 124 Ill. App. 3d 1057, 465 N.E.2d 127.) A complaint must be dismissed with prejudice if it is determined that no facts exist which would entitle plaintiff to the relief requested. *White Fence Farm, Inc. v. Land & Lakes Co.* (1981), 99 Ill. App. 3d 234, 424 N.E.2d 1370.

■ ■ A negative easement precludes the owner of the land subject to the easement from doing an act which, but for the easement, the owner would be entitled to do. (*Chapman v. Sheridan-Wyoming Coal Co.* (1950), 338 U.S. 621, 94 L. Ed. 393, 70 S. Ct. 392.) Easements can only be created by grant, implication or prescription. (*Evanik v. Janus* (1983), 120 Ill. App. 3d 475, 484, 458 N.E.2d 962.) To acquire an easement by grant, although no particular words are necessary, they must clearly show an intention by the grantor to confer an easement. (*Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 85, 51 N.E.2d 132.) The terms of the grant must be definite, certain and unequivocal. (*Aebischer v. Zobrist* (1977),

56 Ill. App. 3d 151, 155, 371 N.E.2d 1003.) In the instant case, plaintiff contends that the language of the condominium documents grant a negative easement against unit 19A. We disagree.

The condominium declaration and the rules and regulations of the condominium association are attached to the complaint. Therefore, they are considered part of the complaint and will control over conflicting allegations in the pleadings. The condominium declaration expressly states:

"Each Unit Owner shall be entitled to the percentage of ownership in the Common elements allocated to the respective Unit ***. Said ownership interest in the Common Elements shall be an undivided interest, and the Common elements shall be owned by the Unit Owners as tenants in common ***.

Each Unit Owner shall have the right to use the Common Elements *** in common with all other Unit Owners, as may be required for the purposes of access, ingress to, egress from, use, occupancy and enjoyment of the respective Unit owned by such Unit Owner."

The declaration further defines common elements as:

"all portions of the Property *** including without limitation *** *hallways*, stairways, entrances and exits, lobby." (Emphasis added.)

There is no other language in the documents characterizing the particular hallway at issue as anything but a common element. The declaration also provides:

"Each Unit Owner of a Unit which is the sole Unit located entirely on any single floor of the Building shall have the right to decorate the *common hallway* on such floor, *subject to the rules and regulations of the Association.*" (Emphasis added.)

The rules and regulations make the option to decorate subject to approval of the Condominium Board and require that the decoration "shall not impair access to the common hallway."

Plaintiff contends that she acquired a negative easement in favor of her unit when she decorated the 20th-floor hallway. If plaintiff's theory is correct, unit 19A (and unit 19C, which is similarly situated) would be subservient to her easement. The same benefit would have to be extended to the owner of each one-story unit on an even-numbered floor. Likewise, the same detriment would be imposed on the owner of each two-story unit throughout the building.

In order to establish the dominance of her unit and the subservience of unit 19A (and unit 19C), plaintiff must allege sufficient facts to invoke the equitable principle of a negative easement. The terms of

the grant of the negative easement must be definite, certain and unequivocal. (*Chicago Title & Trust Co. v. Wabash-Randolph Corp.* (1943), 384 Ill. 78, 85, 51 N.E.2d 132.) The allegations of plaintiff's complaint do not meet that burden. On the contrary, it establishes that hallways are common elements owned as tenants in common by the unit owners, to be used by each unit owner "in common with all other Unit Owners, as may be required for the purposes of access, ingress to, egress from, use, occupancy and enjoyment of the respective Unit owned by such Unit Owner."

The exercise of an option to decorate a hallway does not rise to the level of a "definite, certain and unequivocal" fact which constitutes a "grant, implication or prescription" that creates an easement.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SCARIANO and EGAN,* JJ., concur.

---

*Justice Egan participated in the decision of this case prior to his assignment to the sixth division.