DOMINIC SENESE, Plaintiff-Appellant, v. CLIMATEMP, INC., *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—90—3253

Opinion filed October 11, 1991.

Murphy & Boyle, Chartered, of Chicago (Robert D. Boyle, Mark R. Valley, and James P. Boyle, of counsel), for appellant.

Lillig & Thorsness, Ltd., of Oak Brook (Richard J. Nogal and Amy Remington Jennings, of counsel), for appellees.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff filed suit against defendants alleging they violated the Business Corporation Act of 1983 (Ill. Rev. Stat. 1987, ch. 32, par. 1.01 *et seq.*) when they denied him his right as a shareholder to inspect corporate books and records. Plaintiff sought declaratory relief, a constructive trust and *mandamus*. Defendants moved to dismiss plaintiff's amended complaint, contending plaintiff failed to state a cause of action on each count and that plaintiff was not a shareholder of record and therefore had no right to inspect the books and records. The trial judge granted defendants' motion. Plaintiff appealed.

Plaintiff alleges multiple errors on the part of the trial judge. Plaintiff alleges the trial court erred in determining issues of fact based upon its mistaken belief that questioned documents, attached as exhibits to the complaint, are always controlling over possible contrary allegations in the complaint. Plaintiff alleges the trial court erred in not striking defendants' "hybrid" motion which challenged both the legal insufficiency of the complaint and asserted the affirmative matters of *laches* and standing. Plaintiff alleges the trial court erred in finding his complaint did not state a cause of action for declaratory judgment, constructive trust and *mandamus*; erred in dismissing the amended complaint based upon the doctrine of *laches* and standing; erred in barring plaintiff's discovery requests; and erred in denying plaintiff leave to file a second amended complaint.

The facts in the case are circuitous. In September of 1989 plaintiff filed a complaint for *mandamus* and other relief against Climatemp, Inc., John W. Comforte and Thomas E. Comforte in an effort to compel production of corporate minute books and shareholder record books. Plaintiff alleged he was a stockholder of Climatemp, Inc., and that the Business Corporation Act of 1983 (Ill. Rev. Stat. 1987, ch. 32, par. 7.75) gave him the right, upon written demand and for a proper purpose, to examine corporation books and records. Plaintiff sought review of the books as part of his estate planning. Plaintiff asked the court for a writ of *mandamus*, and an order on defendants to produce the corporate minute books and shareholder records for Climatemp, Inc., formerly Broadway Sheet Metal Works, Inc.

Defendants filed a motion to dismiss pursuant to section 2—619(a)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(2)), contending that plaintiff was not a "holder of rec-

ord of shares in a corporation" as required by the Business Corporation Act of 1983 (Ill. Rev. Stat. 1987, ch. 32, par. 1.80(g)) and therefore he had no right to inspect the corporation's books and records. With the motion, defendants filed an affidavit by corporate treasurer Thomas E. Comforte denying plaintiff's stock ownership.

Plaintiff filed a motion to strike Comforte's affidavit and filed a response in opposition to defendants' motion to dismiss. Plaintiff's response included a copy of the 1958 articles of incorporation for Broadway Sheet Metal Works, Inc., listing plaintiff as an incorporator and director, and a copy of the 1960 amendment to the articles, changing the name of the company to Climatemp, Inc.

Defendants then filed a reply in support of their motion to dismiss which included several exhibits purporting to establish that plaintiff had indeed sold his stock. Defendants contended plaintiff had sold his 50 shares of Broadway Sheet Metal Works, Inc., stock to Expressway Terminals, Inc., on January 4, 1960. Defendants' exhibits included a purported transfer of stock letter of intent, plaintiff's cancelled stock certificates although no signature appeared on the back, corporate ledgers memorializing the stock transfer and minutes of a special shareholder meeting where plaintiff resigned as a director and officer of Broadway Sheet Metal Works, Inc. The minutes referred to "L.A. Moody [an incorporator and original stockholder] and Expressway Terminals, Inc.," as "all of the shareholders." Plaintiff's signed resignation was also an exhibit.

The undated letter of intent to assign stock from plaintiff to Expressway Terminals, Inc., stated that "[f]ormal contract relating to this purchase, with arrangements for holding of shares of stock in escrow by Halfpenny & Hahn, shall be drawn up and executed not later than May 1, 1960." No evidence of the formal contract was included in any of the pleadings.

Plaintiff moved for leave to file a supplemental response, indicating that he needed time for limited discovery to address defendants' allegation that plaintiff had transferred his stock. In addition, plaintiff moved to join Victor Comforte as an additional defendant; that motion was granted.

On March 14, 1990, the trial judge granted defendants' section 2—619 motion to dismiss and granted plaintiff leave to file an amended complaint. The court explained that plaintiff had failed to satisfy the standing requirement and therefore had no right to discovery.

The court stated: "[p]laintiff has failed to adequately demonstrate his standing to bring this action that is a prerequisite of what essen-

tially is a discovery cause of action. There is no reason why plaintiff should need discovery limited or otherwise in order to reasonably set forth allegations as to why he believes he is at present a stockholder of Climatemp, Inc. In order to permit the plaintiff to set forth his version of events, demonstrate his continued status as a shareholder, if he is able to do so, this court will grant the motion to dismiss. The plaintiff will be given 28 days to file a complaint with specificity, setting forth your standing. You will have 28 days to answer or otherwise plead. Now, start with a clean slate and show me where you stand."

Plaintiff's amended complaint for declaratory judgment, constructive trust and *mandamus* admitted plaintiff had signed a letter of intent to assign his stock to Expressway as part of a move to give the company more borrowing power. Plaintiff denied that a formal contract was ever drawn up or signed or that he was ever paid for his shares. Plaintiff sought a declaration by the court as to the effect of the letter of intent and plaintiff's ownership interest in Climatemp, Inc. Plaintiff also sought a constructive trust and *mandamus* to compel production of corporate records. Attached to Senese's first amended complaint as exhibits were copies of the articles of incorporation for Broadway Sheet Metal Works, Inc.; a 1959 annual report for Broadway Sheet Metal Works, Inc.; articles of amendment to the articles of incorporation of Broadway Sheet Metal Works, Inc., changing the company name to Climatemp, Inc.; a letter of intent to assign stock from Senese and Comforte to Expressway Terminals, Inc.; a 50-share stock certificate in Broadway Sheet Metal Works, Inc., with Senese's name on it and the word "cancel" written over the top; the back of the stock certificate; an undated assignment separate from the certificate which appears to bear plaintiff's signature; a 50-share stock certificate in Broadway Sheet Metal Works, Inc., with Expressway Terminals, Inc.'s name on it and the word "cancelled" written over the top; a letter by Senese demanding that he be allowed to view corporate records; and a letter by the corporate attorney refusing that request.

Defendants then filed a section 2—615 motion to dismiss the amended complaint, alleging that (1) each count of the complaint failed to state a cause of action, (2) plaintiff had no standing to file the complaint because he was not a stockholder, and (3) plaintiff was barred by *laches* because he had not asserted a right of stock ownership in the 30 years prior to commencing the suit. Defendants' motion to stay discovery was granted on August 13, pending resolution of defendants' section 2—615 motion.

On September 24, 1990, the trial judge granted defendants' section 2—615 motion to dismiss. The court found: (a) the complaint was barred on its face by *laches*; (b) the complaint failed to adequately allege the plaintiff's standing; (c) count I failed to state a claim for declaratory judgment; (d) count II failed to state a claim for constructive trust; and (e) count III failed to state a claim for *mandamus*.

Initially the September 24 order granted plaintiff leave to file a second amended complaint. The trial judge subsequently granted defendants' motion to reconsider that portion of the September 24, 1990, order and on October 16, 1990, the trial judge dismissed plaintiff's first amended complaint with prejudice. Plaintiff appealed the trial judge's orders entered in 1990 on March 14, August 13, September 24 and October 16.

On appeal we consider plaintiff's contention that the trial court erred in determining issues of fact based upon its mistaken belief that documents attached as exhibits are always controlling over contrary allegations in the complaint.

■ Plaintiff argues that the trial judge erred when he accepted as true the letter of intent to assign his stock, which was attached to plaintiff's first amended complaint. Plaintiff contends that the trial court mistakenly relied on the truth of the exhibits attached to the complaint as though they were attached in support of and as the basis for plaintiff's claim as alleged in the complaint in compliance with section 2—606 of the Illinois Code of Civil Procedure. Under section 2—606, "[i]f a claim or defense is founded upon a written instrument, a copy thereof *** must be attached to the pleading as an exhibit or recited therein, unless the pleader attaches to his or her pleading an affidavit stating facts showing that the instrument is not accessible to him or her. In pleading any written instrument a copy thereof may be attached to the pleading as an exhibit. In either case the exhibit constitutes a part of the pleading for all purposes." Ill. Rev. Stat. 1987, ch. 110, par. 2—606.

Plaintiff contends that his lawsuit was not "founded upon" the letter of intent to assign his stock or on any of the other exhibits attached to his complaint. He contends the exhibits were attached to show his intent, but not to show that the transaction had occurred. He argues that the exhibits were attached to the amended complaint only to satisfy the trial judge's directive, after the dismissal of his initial complaint. The first amended complaint makes that clear when it states on page 4: "[t]he only information ever submitted to plaintiff by VICTOR COMFORTE relating to how DOMINIC SENESE purportedly lost his ownership interest in CLIMATEMP, INC. was set

forth in the Reply Memorandum in Support of Motion to Dismiss With Prejudice and for Sanctions, together with exhibits. *** Such documents included *** the Letter of Intent Agreement, an assignment separate from stock certificate for 50 shares to Expressway Terminal, Inc. which was uncompleted, *** Copies of said documents are attached hereto, marked 'Group Exhibit D', and made a part hereof. Serious discrepancies in the records exist."

Plaintiff contends that he attached the exhibits in an effort to fully explain why he signed the letter of intent but then "never followed through on it." Plaintiff argues that the trial court gave undue weight to the exhibits attached to his complaint. At the September 24 hearing on defendants' motion to dismiss, the trial court stated: "Count 1, the plaintiff *** completely failed to respond [to] or to refute the fact that he has no standing to bring an action based upon the alleged shareholders rights. You have appended the assignment and you are bound by that exhibit."

Plaintiff argues that exhibits attached to a complaint negate conflicting allegations in the complaint only if they are the instruments on which a claim is founded (Ill. Rev. Stat. 1987, ch. 110, par. 2—606) but do not negate allegations if they are merely evidentiary in nature and not the instrument sued upon. (*Coupon Redemption, Inc. v. Ramadan* (1987), 164 Ill. App. 3d 749, 756, 518 N.E.2d 285.) To find otherwise, plaintiff argues, would prevent plaintiffs from attaching to a complaint any contested will, contract or deed that plaintiffs allege is false.

In *McCormick v. McCormick* (1983), 118 Ill. App. 3d 455, 460, 455 N.E.2d 103, the appellate court found the trial court erred when it relied on section 2—606, then numbered section 36, to admit as true all exhibits attached to plaintiff's complaint. The appellate court found that the trial court had improperly relied on the truth of exhibits attached to plaintiff's complaint when in fact the exhibits were attached by way of examples in support of the allegations, but not as documents upon which the claim was founded. The court stated: "The trial court erred in determining the legal sufficiency of the complaint by comparing the factual allegations of the complaint with inferences the court made after reviewing the numerous exhibits." *McCormick*, 118 Ill. App. 3d at 461.

Defendants argue that the trial court never directed plaintiff to attach to his complaint the letter of intent to assign stock. Defendants contend that section 2—606 is controlling and that when plaintiff attached the letter of intent to assign stock it became part of the pleading and was to be taken as true on a section 2—615 motion to dis-

miss. Defendants contend the letter of intent should be considered by the court as a legal instrument such as a trust document, affidavit or public file which would control over inconsistent allegations of facts. *McCormick*, 118 Ill. App. 3d at 459-60.

Defendants argue that where the language of a pleading is at variance with the recitals of a document attached to or made a part of such pleadings the recitals in the documents prevail. (*Jones v. McCollen* (1967), 85 Ill. App. 2d 375, 380-81, 227 N.E.2d 788.) Defendants cite other cases for the proposition that exhibits control over allegations in the complaint. *Friedman v. Gingiss* (1989), 182 Ill. App. 3d 293, 296, 537 N.E.2d 1067 (condominium rules and declaration attached as exhibit control over conflicting allegations in the pleading); *Ford v. University of Illinois Board of Trustees* (1977), 55 Ill. App. 3d 744, 746-47, 371 N.E.2d 173 (exhibits detailing interim grievance policy as determined by the chancellor would control over allegations in complaint about express provisions in the policy); *Wilbur Waggoner Equipment Rental & Excavating Co. v. Johnson* (1975), 33 Ill. App. 3d 358, 361, 342 N.E.2d 266 (court looks to the document itself and not to the allegation in the complaint to determine the sufficiency of a notice of lien attached as an exhibit).

Plaintiff's complaint alleged that: (1) plaintiff was an original and is a current shareholder of Climatemp, Inc., stock; (2) plaintiff signed a letter of intent agreement to sell his stock to Expressway Terminals, Inc., sometime prior to May 1, 1960; and (3) the letter of intent agreement was "never effectuated," no formal contract was signed, no stock was transferred and no money was paid for the shares.

We find that plaintiff's complaint is not "founded upon" the exhibits attached and consequently section 2—606 does not apply. Plaintiff's complaint provides the explanation for why he attached the exhibits to his first amended complaint. Plaintiff's complaint alleges that on information and belief Comforte bases his opposition to plaintiff's claim on the documents attached to defendant's reply memorandum in support of his motion to dismiss with prejudice and that those attachments provided plaintiff with the only explanation ever provided for how he "purportedly lost his ownership interest in CLIMATEMP, INC." He does not adopt the exhibits as authentic nor does he agree with Comforte's contentions.

■ We find that the letter of intent agreement does not conflict with the pleadings in plaintiff's complaint. Plaintiff alleged he owned stock, agreed to sell his stock and that that agreement was never consummated. The attached exhibits show plaintiff as an original stockholder in the company and show plaintiff's signature on an agreement

to sell his stock. A letter of intent demonstrates only that the signer intends to do something in the future. No exhibit establishes whether the parties complied with the conditions precedent to the sale, *i.e.*, to pay $1,000 down payment and the balance over 10 years, to draw up a formal contract by May 1, 1960, or that Halfpenny & Hahn held the stock in escrow until the sale was completed. Defendants point to the assignment separate from certificate as proof of the sale; however, plaintiff has alleged that the assignment is incomplete, undated and not witnessed and that the transfer agreement was never consummated.

We find the trial judge erred in his reliance on the exhibits in plaintiff's complaint and found them dispositive on the question of plaintiff's contention that he is a current stockholder.

Next we must determine whether the court properly entertained defendants' section 2—615 motion to strike and dismiss plaintiff's complaint. After plaintiff filed his first amended complaint, defendants filed a section 2—615 motion that contended plaintiff failed to state a cause of action on each of the three counts, had no standing to bring suit, and was barred by *laches*.

Plaintiff contends on appeal that the trial court should have stricken the motion because it included affirmative defenses of standing and *laches*, properly addressed in a section 2—619 motion. In the alternative, plaintiff argues that the trial court improperly considered standing and *laches*, as well as exhibits attached to defendants' initial response, when ruling on the section 2—615 motion.

■ A motion for dismissal of a complaint for failure to state a cause of action under section 2—615 must specify where the pleading is legally insufficient. The motion admits all well-pleaded facts in the complaint. Factual defenses are not available under section 2—615. The court may consider only the allegations in the complaint and may not consider supporting affidavits offered by the movant. *MBL (USA) Corp. v. Diekman* (1985), 137 Ill. App. 3d 238, 241, 484 N.E.2d 371.

Defendants argue that their motion was properly brought under section 2—615 and that a trial court can consider both affirmative defenses of standing and *laches* under section 2—615. Defendants contend that, in any event, the mislabelling of a motion is not fatal to the motion. *Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 253, 433 N.E.2d 1350, 1355.

■ We find the trial judge clearly articulated his intention to rule on defendants' section 2—615 motion without consideration of affirmative defenses. He did so when he ruled that each of the three counts failed to state a cause of action.

■ Next, plaintiff contends the trial court erred when it ruled he did not state a cause of action for declaratory judgment. The parameters for declaratory judgment are few. The court may, in cases of actual controversy, make binding declarations of rights having the force of final judgments under section 2—701(a) of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—701(a).) The court shall refuse to enter a declaratory judgment or order if it appears that the judgment or order would not terminate the controversy or some part thereof giving rise to the proceeding. Ill. Rev. Stat. 1989, ch. 110, par. 2—701(a).

■ A complaint states a cause of action for declaratory judgment if it recites in sufficient detail an actual and legal controversy between the parties and prays for a declaration of rights and, if desired, other legal relief. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.) The actual controversy requirement is intended to distinguish present justiciable issues from abstract or hypothetical disputes where no present dispute is pending and requires resolution. (*Alderman Drugs, Inc. v. Metropolitan Life Insurance Co.* (1979), 79 Ill. App. 3d 799, 802, 398 N.E.2d 984.) The existence of another remedy does not preclude declaratory relief. *Alderman*, 79 Ill. App. 3d at 802.

Plaintiff contends he alleged an actual controversy existed over whether the letter of intent to sell his stock was consummated, thereby extinguishing his stock ownership. Plaintiff contends that because he did not proceed to transfer his shares in accordance with the undated letter of intent, he retained his shareholder interest in Climatemp, Inc., successor to Broadway Sheet Metal Works, Inc., and that the purported transfer on the corporate books was improper. Plaintiff contends his amended complaint sufficiently alleged his ownership interest in Climatemp, Inc., the fraudulent misappropriation of his shares and the improper denial of his right to inspect the corporate books and records.

Defendants contend plaintiff should have pursued a cause of action against Expressway Terminal, Inc., the company that allegedly was involved in the purchase of stock. Defendants contend plaintiff's cause of action cannot stand because plaintiff failed to include Expressway Terminals, Inc., as a necessary party defendant to the action. Further, defendants contend they are not a necessary party to the declaratory judgment action. A director or officer of a corporation may be a trustee for stockholders for certain purposes, but not for all purposes and not to the extent of protecting stockholders in their

dealings with third persons. *Anchor Realty & Investment Co. v. Rafferty* (1941), 308 Ill. App. 484, 498-99, 32 N.E.2d 394.

■ Declaratory judgment is appropriate to determine existing rights (*Gagne v. LaGrange* (1976), 36 Ill. App. 3d 864, 868, 345 N.E.2d 108), but such an action may be dismissed where a party seeks to enforce his rights after the fact. *Goldberg v. Valve Corp. of America* (1967), 89 Ill. App. 2d 383, 392, 233 N.E.2d 85.

■ We believe the trial court properly dismissed plaintiff's complaint for declaratory judgment. Plaintiff's complaint and attached exhibits challenge a stock transaction between plaintiff and Expressway Terminals, Inc., that allegedly occurred 30 years ago. The central purpose of the declaratory judgment procedure is to allow the court to address a controversy one step sooner than normal after the dispute has arisen but before steps are taken which would give rise to a claim for damages or other relief. (*Tait v. County of Sangamon* (1985), 138 Ill. App. 3d 169, 170, 485 N.E.2d 558.) In addition, Expressway Terminals, Inc., clearly is a necessary party to any action invalidating its alleged stock purchase.

■ Plaintiff next alleges the court erred when it dismissed his constructive trust claim. A constructive trust can be imposed where there is a breach of a fiduciary duty or when fraud is proven. (*Sadacca v. Monhart* (1984), 128 Ill. App. 3d 250, 255, 470 N.E.2d 589.) Where no fraud exists, the court can still impose a constructive trust when equity and good conscience dictate it is appropriate (*Selmaville Community Consolidated School District No. 10 v. Salem Elementary School District No. 111* (1981), 96 Ill. App. 3d 1062, 1066, 421 N.E.2d 1087), as in the case of duress, coercion or mistake. *Suttles v. Vogel* (1988), 126 Ill. 2d 186, 533 N.E.2d 901.

Plaintiff contends he adequately pleaded fraud when he alleged that the *"de facto* chief executive officer" of Climatemp, Victor Comforte, asserted in his affidavit that plaintiff had no ownership interest in Climatemp. Plaintiff contends his first amended complaint included allegations of fraud concerning the handling by Climatemp and its officers of plaintiff's stock certificates, the corporate stock ledger sheet and the lack of documents that would verify plaintiff had transferred his stock to another. Plaintiff alleged that these and other "highly suspect discrepancies" are evidence of Comforte's acts of misappropriation done with the "intent to defraud."

Plaintiff argues that fraud may be inferred from the nature of the acts complained of (*Majewski v. Gallina* (1959), 17 Ill. 2d 92, 100, 160 N.E.2d 783) and that all evidence need not be proven at this stage. Plaintiff contends he has alleged the fraud in that he was a holder of

company stock and Victor Comforte is contending plaintiff is not now a holder of company stock. Plaintiff cites *Holmes v. Birtman Electric Co.* (1960), 18 Ill. 2d 554, 165 N.E.2d 261, where the court stated: "Generally speaking, the officers of a corporation may rightfully refuse, for the time being, a requested registry of stock when notified to do so by a third person, who claims some interest in the stock, which might be lost or injuriously affected by the transfer \*\*\*." (*Holmes*, 18 Ill. 2d at 560.) Plaintiff contends individuals in control of a corporation owe a fiduciary duty to the corporation and to its shareholders. *Coduti v. Hellwig* (1984), 127 Ill. App. 3d 279, 292, 469 N.E.2d 220.

Defendants contend plaintiff's complaint is nothing more than conclusory statements alleging no acts of fraud on the part of any defendants. In addition, defendants contend plaintiff has failed to allege any facts to indicate a breach of fiduciary duty by any defendants. In an action for a constructive trust, the complaint must allege a fiduciary relationship existed and must allege facts charging actual or constructive fraud. *Perry v. Wyeth* (1962), 25 Ill. 2d 250, 253, 184 N.E.2d 861.

●■ We believe the trial court properly dismissed plaintiff's action alleging constructive trust but that plaintiff should be allowed an opportunity to amend following limited discovery. The alleged stock transfer between plaintiff and Expressway Terminals, Inc., was documented on the books of the corporation. Plaintiff has alleged a fraud occurred in which defendants participated, and has alleged that the corporate officers and directors breached their fiduciary duty and participated in a fraud perpetrated on plaintiff. While defendants as directors and officers and the corporation itself are not obligated to oversee and protect shareholders from outside stock deals, they are obligated to require conclusive documentation that the parties have concluded the sale and that the purchaser is entitled to stock ownership.

Plaintiff cites *Holmes* in opposition to the motion. In *Holmes*, the court found the directors and officers acted inappropriately after an allegedly fraudulent stock sale was brought to their attention before a stock transfer took place on the corporate ledger. Here plaintiff has not alleged he notified the corporation directors and officers at any time to put them on notice that Expressway Terminals, Inc., was improperly claiming shareholder rights nor has he alleged any facts to support his allegation that corporate officers and directors somehow participated in his lack of stockholder status. Plaintiff contends he

must be allowed limited discovery to elicit facts necessary to support such allegations.

Plaintiff has alleged only conclusory statements about Victor Comforte's alleged fraudulent activities. Plaintiff alleged merely that he owned stock and Victor Comforte now contends he does not. Fraud must be proven; it cannot be presumed. (*Majewski v. Gallina* (1959), 17 Ill. 2d 92, 99, 160 N.E.2d 783, 788.) Plaintiff has not alleged sufficient facts in support of a fraud which would merit imposition of a constructive trust but should be permitted discovery and the opportunity then to amend his complaint to correct its deficiencies.

●■ Plaintiff contends next that the trial court improperly dismissed his complaint for failure to state a cause of action for *mandamus* under section 7.75(b) of the Business Corporation Act of 1983. The Act provides that any shareholder may examine corporate books and records upon written demand if made for a proper purpose. (Ill. Rev. Stat. 1989, ch. 32, par. 7.75(b).) Plaintiff argues that his complaint identifies him as a shareholder, shows he made a demand and explains that the "proper purpose" was for estate planning.

Defendants argue that plaintiff has failed to establish that he is a shareholder of record and therefore the trial court properly denied his request. On a motion to dismiss, plaintiff need not prove his case, but rather must only establish a *prima facie* case, where all well-pleaded facts are taken as true. *Mid-town Petroleum*, 72 Ill. App. 3d at 298-99.

●■ Plaintiff alleged that he purchased stock at the time of the company's incorporation and that he "never transferred his shares." Plaintiff explained his purpose in seeking the records and attached to the complaint a copy of his demand made to the corporation. On its face, plaintiff has pleaded a cause of action for *mandamus* in his amended complaint.

●■ Plaintiff alleges next that the trial court erred when it ruled he had no standing because the issue of standing was not properly before the court on defendants' section 2—615 motion. Plaintiff contends the trial court could not have decided the issue of his lack of standing to sue unless it first made the factual determination that plaintiff had indeed sold his stock, contrary to the allegations in his complaint. Determining the factual merits of a pleading instead of its legal sufficiency on a section 2—615 motion to dismiss is error. *First Security Bank v. Bachleda* (1987), 165 Ill. App. 3d 725, 729, 520 N.E.2d 660.

Defendants argue that plaintiff failed to allege adequately his standing as a stockholder of Climatemp, Inc., to refute the letter of

intent attached to his complaint as an exhibit. Defendants argue that the Business Corporation Act of 1983 permits review of corporate books and records by "shareholders of record" (Ill. Rev. Stat. 1989, ch. 32, par. 7.75) and that plaintiff has not established he is a shareholder of record.

Defendants contend standing can properly be brought in a section 2—615 motion. (*Sjostrom*, 105 Ill. App. 3d at 253, 433 N.E.2d at 1355.) The court in *Sjostrom* considered whether standing was proper for a section 45 (now section 2—615) motion. The court noted that when a defendant brings affirmative matters in his motion to dismiss, the motion is properly brought under section 48 (now section 2—619). The court stated that such affirmative matters would be inappropriate for a section 45 motion; however, where a defendant pleads that the plaintiff has failed to establish all the essential elements for a cause of action, use of section 45 is appropriate. The court found the defendant's challenge to plaintiff's standing to be based on the fact of the complaint itself and therefore "the motions would have been proper if brought pursuant to section 45 of the Civil Practice Act." *Sjostrom*, 105 Ill. App. 3d at 253, 433 N.E.2d at 1355.

●■ We find the Illinois Supreme Court's decision in *Greer v. Illinois Housing Development Authority* (1988), 122 Ill. 2d 462, 524 N.E.2d 561, to be more persuasive. The court in *Greer* stated that lack of standing is an affirmative defense and initially the plaintiff has no burden to plead and prove standing. Rather the defendant must plead and prove lack of standing as a defense to the claim. (*Greer*, 122 Ill. 2d at 494.) We believe plaintiff had no obligation to plead his standing at this juncture in the litigation and he need not allege facts to establish standing until lack of standing is properly raised as a defense. We conclude that raising the affirmative defense of lack of standing in a section 2—615 motion was improper.

Plaintiff next argues that *laches* does not apply to bar his complaint (1) because defendants have failed to show they were prejudiced by the delay, and (2) because *laches* is an affirmative defense not properly raised in a section 2—615 motion.

●■ 16 The defense of *laches* can be raised by a motion to dismiss if (1) an unreasonable delay appears on the face of the pleading, (2) no sufficient excuse for the delay appears or is pleaded, and (3) the motion specifically points out the defect. If these three elements are present, then the trial court may properly strike plaintiff's complaint. (*Hartsman v. Abboreno* (1960), 18 Ill. 2d 467, 165 N.E.2d 338.) But a lapse in time, no matter how great, will not bar a suit on the ground of *laches* where an excuse is given for the delay which would make it

inequitable to bar the cause of action. (*Mitchell v. Simms* (1979), 79 Ill. App. 3d 215, 219, 398 N.E.2d 211.) As a general rule, to charge a party with *laches*, it is essential that the party have knowledge of the facts upon which his claim is based yet fail to proceed in a timely manner. (*Zegers v. Zegers, Inc.* (1976), 38 Ill. App. 3d 546, 348 N.E.2d 210.) Without knowledge of the relevant facts, delay will not bar relief unless occasioned by a lack of diligence. *Goin v. Eater* (1982), 107 Ill. App. 3d 887, 891, 438 N.E.2d 234.

Plaintiff contends defendants must plead and prove not only unreasonable delay, but must also prove prejudice resulting therefrom. (*Nancy's Home of the Stuffed Pizza, Inc. v. Cirrincione* (1986), 144 Ill. App. 3d 934, 941, 494 N.E.2d 795.) Though plaintiff cites *Mogul v. Tucker* (1987), 152 Ill. App. 3d 610, 504 N.E.2d 872, for the same proposition, we note that the court in *Mogul* found plaintiff had alleged a reasonable explanation for not filing his suit earlier.

In addition, plaintiff contends *laches* is purely an affirmative defense which cannot therefore be raised in a section 2—615 motion. Plaintiff cites to section 2—613(d) of the Code of Civil Procedure, which identifies and enumerates affirmative defenses: "such as payment, release, satisfaction, discharge, license, fraud, duress, estoppel, *laches*." (Ill. Rev. Stat. 1989, ch. 110, par. 2—613(d).) Plaintiff also cites to *Mogul* and *Cundiff v. Unsicker* (1983), 118 Ill. App. 3d 268, 454 N.E.2d 1089, which refer to *laches* as an affirmative defense.

Defendants argue that plaintiff has given no reasonable excuse in his complaint for his delay and that therefore the trial court was correct when it found the complaint was barred by *laches*. Defendants contend also that if plaintiff were permitted to pursue his claim now, they would be prejudiced because they would have to defend a charge of fraud on actions that allegedly occurred 30 years ago. Defendants contend they also would be prejudiced because plaintiff is now claiming 50% ownership in a business they have worked to build and which has produced income for the past 30 years.

Our analysis here must focus on whether the 30-year passage of time itself triggers the defense of *laches*. The appropriate question for review is whether the doctrine of *laches* can apply based on the allegations in the complaint itself, thereby making it a proper subject for a section 2—615 motion. Many cases refer to *laches* as an affirmative defense under section 2—619. As to raising *laches* as a basis in a section 2—615 motion, we believe the answer is found in *People ex rel. Casey v. Health & Hospitals Governing Comm'n* (1977), 69 Ill. 2d 108, 370 N.E.2d 499. In *Casey*, the court considered the application of

*laches* under both sections 43 and 45, the predecessors to sections 2—615 and 2—619.

●■ The *Casey* court stated that where an unreasonable delay appears on the face of the complaint, plaintiff has an affirmative duty to set forth a valid excuse to explain the delay. The court stated: "[A]ccording to section 43(4) of the Civil Practice Act [citation], affirmative defenses, such as *laches*, 'must be plainly set forth in the answer or reply.' *** Where *laches* is apparent on the face of a complaint and plaintiff has allegedly failed to set forth a reasonable excuse for the delay, 'there appears to be no reason why the defect cannot be raised by motion *so long as the motion specifically points out the defect complained of.*' [Citation.] *** [U]nder section 45(1) of the Civil Practice Act [citation], a party may, by motion, object to pleadings; but it is incumbent upon the moving party to 'point out specifically the defects complained of' in order to give plaintiffs the opportunity to file amended complaints to correct any deficiencies." (Emphasis in original.) *Casey*, 69 Ill. 2d at 113-14, 370 N.E.2d at 501.

*Casey* clearly states that plaintiff has an affirmative duty to set forth a valid excuse for a 30-year delay. Where plaintiff failed to do so, as is the case here, defendant is entitled to raise the issue of *laches* in a section 2—615 motion to strike and dismiss as long as he specifically points out the defect. The plaintiff must then be allowed to amend his complaint to correct the deficiency.

●■ Here defendants had the right to raise the *laches* defense in the section 2—615 motion, and the trial court properly reviewed plaintiff's complaint in light of the *laches* doctrine. Plaintiff failed to set forth a reasonable excuse for his 30-year delay, and defendants properly argued *laches* and the prejudice they would suffer if plaintiff were allowed to pursue his complaint. The trial court stated on the record that "the complaint was barred by *laches* due to the plaintiff's failure to allege any explanation for his 30-year delay in filing an action based upon alleged shareholder's rights." We find the trial court was correct when it found plaintiff's complaint barred by *laches* but that plaintiff should be permitted to amend to allege facts which would explain the delay.

Plaintiff next contends the trial court erred when it barred plaintiff from engaging in any discovery, especially discovery concerning the questioned documents upon which the trial court relied in making its factual determination.

●■ Supreme Court Rule 201(b) states, in pertinent part, "a party may obtain by discovery full disclosure regarding any matter relevant to the subject matter involved in the pending action, whether

it relates to the claim or the defense of the party seeking disclosure or any other party" (134 Ill. 2d R. 201(b)) but "[t]he court may \*\*\* make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage or oppression." 134 Ill. 2d R. 201(c).

●■ Discovery procedures were designed to be flexible and adaptable to the infinite variety of cases and circumstances appearing in the trial court. (*Monier v. Chamberlain* (1966), 35 Ill. 2d 351, 355, 221 N.E.2d 410.) A discovery request may properly be quashed where the trial court has before it sufficient information upon which to decide the defendant's motion to dismiss. (*Continental Grain Co. v. FMC Corp.* (1975), 27 Ill. App. 3d 819, 327 N.E.2d 371.) A trial court's broad discretionary power to restrict pretrial discovery will not be disturbed absent a manifest abuse of discretion. *United Nuclear Corp. v. Energy Conversion Devices, Inc.* (1982), 110 Ill. App. 3d 88, 104, 441 N.E.2d 1163.

●■ We find the trial judge committed such an error here. Plaintiff alleged he was a stockholder and defendants denied the stock ownership. Exhibits attached to both plaintiff's amended complaint and defendants' answer included altered stock certificates, changed corporate records, strike marks over several official documents and other inconsistencies which beg for a clearer explanation. The purpose of discovery is to enable counsel to better prepare and evaluate their case. (*United Nuclear*, 110 Ill. App. 3d at 104.) We believe limited discovery will cast light on unclear portions of the complaint and on the circumstances surrounding the creation of the challenged exhibits. For these reasons, we find the trial court abused its discretion in denying plaintiff's discovery request.

Finally, plaintiff contends the trial court, after initially granting plaintiff leave to file a second amended complaint, erred in reversing its order thereby denying plaintiff leave to file a second amended complaint.

●■ Under section 2—616 of the Code of Civil Procedure, a trial court can permit a litigant to amend a pleading at any time prior to final judgment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—616.) A trial court's power to allow amendment should be fully exercised in order that a litigant can completely present his cause of action. (*Giannini v. First National Bank* (1985), 136 Ill. App. 3d 971, 988, 483 N.E.2d 924.) The decision to deny a request to amend is a matter within the sound discretion of the trial court. *Pratt v. Sears Roebuck & Co.* (1979), 71 Ill. App. 3d 825, 831, 390 N.E.2d 471, 476.

Before a trial judge can be found to have abused his discretion in denying a party leave to amend, it must be clear from the record that sufficient reasons or facts were presented to the trial judge and that his exercise of discretion is clearly contrary to the facts. *Tishman Midwest Management Corp. v. Wayne Jarvis, Ltd.* (1986), 146 Ill. App. 3d 684, 692, 500 N.E.2d 431; see also *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 579, 397 N.E.2d 84, 87.

Plaintiff contends he was wrongly denied an opportunity to amend his complaint in light of the fact that his amended complaint was stricken based on arguments not previously raised. Plaintiff argues that under the rules articulated in *Casey* a plaintiff whose case is barred by *laches* should have an opportunity to amend to explain the apparent delay in bringing his claim.

Defendants argue that the trial court granted plaintiff an earlier opportunity to amend his complaint and on his second attempt he still could not state a cause of action. Defendants argue that plaintiff failed to preserve for review the denial of his motion for leave to amend.

The record establishes that on September 24, 1990, the trial court dismissed plaintiff's amended complaint. Plaintiff sought and was granted leave to amend, citing *Casey* and noting that the *laches* argument was raised for the first time with respect to the amended complaint. On October 16, 1990, the trial court, ruling on defendants' motion to reconsider, ruled that the September 24 dismissal was with prejudice. The court found that plaintiff had had two opportunities to plead standing and had failed twice. The court found that dismissal was warranted "separate and apart from the *laches* issue."

We have previously concluded that the trial court erred in its premature ruling on plaintiff's standing. Under the law enunciated in *Casey*, plaintiff's complaint should not be dismissed with prejudice because barred by *laches*. We believe plaintiff persuasively argued for an amendment in that *laches* was raised for the first time when defendants moved to dismiss the first amended complaint. We believe plaintiff should have been given an opportunity to file a second amended pleading with regard to the *mandamus* action.

We find that the trial court: (1) improperly relied on exhibits attached to plaintiff's complaint to determine material facts at issue; (2) did not err in refusing to strike defendants' section 2—615 motion for failure to state a cause of action for declaratory judgment and constructive trust; (3) erred in dismissing plaintiff's complaint for failure to state a cause of action for *mandamus*; (4) ruled prematurely on the issue of plaintiff's standing; (5) properly found plaintiff's complaint

322

was barred by *laches* on its face; and (6) improperly denied plaintiff's motion to file a second amended complaint.

For the foregoing reasons we affirm in part, reverse in part and remand the case to the trial court to permit limited discovery as to the challenged exhibits, provide plaintiff an opportunity to further amend his complaint based on facts discovered and for further proceedings consistent with this opinion.

Affirmed in part, reversed in part and remanded.

RAKOWSKI, P.J., and McNAMARA, J., concur.